ANDREW YOUNG, ET AL., APPELLANTS, V. CITY OF ALBION ET AL., APPELLEES.

FILED DECEMBER 7, 1906.    No. 14,827.

Appeal: TEMPORARY INJUNCTION: FINAL ORDER. An order dissolving a temporary injunction, and which does not determine or make some final disposition of the case in which the injunction was issued, is not final, and is not alone, or until after a final judgment in the action, reviewable on error or appeal in this court. *Meng v. Coffee*, 52 Neb. 44, followed and approved.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE. *Dismissed.*

*E. E. Spear* and *H. C. Vail,* for appellants.

*M. W. McGan, J. S. Armstrong* and *Edwin Vail, contra.*

OLDHAM, C.

Prior to the 28th day of May, 1906, the city of Albion, a city of the second class, having less than 5,000 inhabitants, had been divided by ordinance into three wards, each ward having two members of the council. On the 28th day of May the mayor and council of the city, by ordinance duly enacted, provided for dividing the city into but two wards and defining the boundaries of each of the wards so provided for. The ordinance also contained a provision that all members of the council who had been duly elected thereto should continue in office until the expiration of their respective terms. On June 2, 1906, the plaintiffs herein, as resident taxpayers and qualified voters of the city, filed a bill in equity, in which they alleged the passage and publication of the ordinance above referred to by the mayor and council of the city of Albion, and that prior thereto the city had been divided into three wards, containing practically the same number of voters and the same area of territory, and that the change contemplated by the division provided for in the ordinance of May 28 was not nearly as equal or practical as to either area or inhabitants as the former division of the city in the ordinance repealed by the act of May 28. The petition then set out that the ordinance alleged against attempted to illegally continue certain members of the council as councilmen from wards from which they were not elected. It also alleged that the council is about to pay for the publication of the ordinance objected to, and will, unless restrained, illegally pay for salaries of officers contemplated in said ordinance, and will illegally expend public money

in holding elections in the wards provided for, and that they will attempt to transact the business of the city in an illegal manner under the provisions of this ordinance, unless restrained by an order of the district court. The prayer of the petition is, in substance, that the ordinance be declared illegal and void, and that the defendants be enjoined from enforcing or attempting to enforce the provisions thereof in any manner, and from disbursing any public money for the publication of the ordinance or in payment of any expenses incurred by the defendants, or any of them, thereunder, and from doing any act or thing whatsoever that was made possible by said ordinance that could not have been done if said ordinance had not been enacted. On an application to the county judge of Boone county, in the absence of the district judges, a temporary order of injunction, as prayed for in the petition, was procured on the 2d day of June, 1906. On the 8th day of June an answer to the petition was filed in the district court, and on the 9th day of June a motion to dissolve and vacate the temporary order of injunction was filed. Notice of this motion was duly served upon the attorneys of the plaintiffs, and on the 13th day of June the motion was heard, and the following judgment was rendered: "Now, on this 14th day of June, 1906, one of the days of the June, 1906, term of court, trial hereof was concluded, evidence having been fully adduced herein, and the cause was submitted to the court on the pleadings, the stipulations in open court made, and the evidence, and the court, being fully advised in the premises, finds that there is a want of equity in the petition, and it is therefore by the court ordered, adjudged and decreed that the temporary order of injunction heretofore granted herein be, and the same hereby is, vacated, set aside and dissolved, to which finding and judgment the plaintiffs except, and are allowed 40 days in which to prepare and serve a bill of exceptions, and the bond necessary to be filed on dissolution of this injunction to supersede the judgment of this court is hereby fixed in the sum of $3,000, and to the fixing

of a supersedeas bond in any amount whatever the defendants and each of them except." To reverse this order and judgment, plaintiffs have appealed to this court.

A motion was filed in this court by the defendants to dismiss the appeal, because the order from which the appeal is taken is interlocutory and not a final order. By agreement of the parties, argument on the motion to dismiss was continued until the final hearing of the cause on November 21, 1906. We think the order appealed from is, on its face, clearly interlocutory and not a final order. The motion on which it was rendered sought to vacate and set aside the injunction theretofore granted, that is, the temporary order granted by the county judge. No other relief was asked in the motion, and the judgment of the court is "that the temporary order of injunction heretofore granted herein be, and the same hereby is, vacated, set aside and dissolved." There is no order made that touches upon a final disposition of the plaintiffs' petition, and from aught that appears the petition and answers thereto are still pending in the district court for Boone county, awaiting such final order and judgment as the court may hereafter render. In the early case of *Scofield v. State Nat. Bank*, 8 Neb. 16, it was held that an order of a judge of a district court dissolving a temporary injunction is not final, but interlocutory merely, and insufficient to support a petition in error. Again in *School District 15, Douglas County, v. Brown,* 10 Neb. 440, it was held that an order dissolving a temporary injunction could not be reviewed upon appeal, and this in a case where the only relief sought was an injunction. In the later case of *Meng v. Coffee,* 52 Neb. 44, the former decisions of this court were reviewed, and the rule was announced in the syllabus that "an order dissolving a temporary injunction, and which does not determine or make some final disposition of the case in which the injunction was issued, is not final, and is not alone, or until after a final judgment in the action, reviewable on error or appeal to this court."

We therefore conclude that, under the well-established

rule of this court, the motion to dismiss the appeal should be sustained, and we recommend that the appeal herein be dismissed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the appeal herein is

DISMISSED.