ROBERT HUGH GALSTAN ET AL., APPELLEES AND CROSS-APPELLANTS, V. THE SCHOOL DISTRICT OF THE CITY OF OMAHA, APPELLANT AND CROSS-APPELLEE.

128 N. W. 2d 790

Filed June 5, 1964. No. 35663.

W. Ross King and Seymour L. Smith, for appellant.

Martin A. Cannon and Robert Vondrasek, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

Plaintiffs by their petition seek to enjoin the School District of the City of Omaha from enforcing an order fixing boundaries for the attendance of children at two new elementary schools within the district, or, in the alternative, to provide plaintiffs' child with free bus transportation to and from the school to which she is assigned. By a second cause of action plaintiffs seek a

judgment declaring the order fixing the area attendance boundaries to be void and for a mandatory injunction compelling the school district to admit plaintiffs' child to the school in the former attendance area. The school district, by answer, asserts the validity of its area attendance order and that plaintiffs' child is not entitled to free bus transportation since she resides within 3 miles of the school to which she is assigned. The trial court granted an injunction. The school district has appealed.

The evidence shows that at the commencement of the 1963-64 school year there were two new elementary school buildings ready for use in the Omaha school district which are designated as the Florence and Ponca Schools. Each replaced old school buildings having the same designation. The new Ponca School is approximately 1½ miles south of the old Ponca School and the new Florence School is approximately 11 blocks south and west of the old Florence School. The Florence School is equipped to handle an enrollment of 560 children under recognized educational practices. The Ponca School can handle an enrollment of 245 pupils under such practices. Without the change in the area attendance boundary between the two schools, Florence School would have an enrollment of 603 pupils and Ponca School 93. It is evident that an area of attendance change was necessary to eliminate the excessive enrollment in the Florence School and to make full use of the facilities at Ponca School.

The evidence shows that plaintiffs reside at 9657 North Twenty-ninth Street in Omaha, which is approximately 2¼ miles from the Ponca School and 1¾ miles from the Florence School. Plaintiffs are the parents of a 7-year-old daughter who is in the second grade in school. Until the area attendance boundary was changed in June 1963, plaintiffs were in the attendance area of Florence School. Their child Barbara walked to the old Florence School and when the new Florence School

was put in use she went to and from the new Florence School by a bus provided by the school district. No bus is provided for going to and from the new Ponca School.

Under the rules established by the school district, the superintendent of schools is charged with the duty of fixing school attendance area boundaries. The evidence shows that the school superintendent, assisted by members of his staff, investigated the problem and determined that a transfer of approximately 90 pupils from the old Florence School attendance area to the new Ponca School attendance area was required to properly relate the number of pupils in the two school attendance areas to the capacities and facilities of the two schools. After fully examining into the situation, the superintendent of schools determined that the school attendance area boundary between the two schools should be moved south approximately 1 mile, which would accomplish the desired result. The superintendent thereupon fixed the new area attendance boundary under date of June 6, 1963, and notified the parents of all school children affected by the change by letter.

The plaintiffs and many other parents of school children who have been transferred into the Ponca School attendance area from the former Florence School attendance area testified at the trial. Their testimony may be summarized as follows: The distance to the Ponca School is greater by ½ mile or more than to the Florence School. The routes which their children must use go outside of the city limits through wooded and sparsely occupied areas where sidewalks are not provided and the shoulders of the highways are not kept open in bad weather. The evidence is that the roads are very winding and hilly with speed limits as high as 65 miles per hour. Traffic lights and signs are not provided outside the city limits, traffic is heavy, and the roads are narrow. Vehicles are driven at excessive speeds over these roads and accidents are frequent. The conclusion to be drawn from this evidence is that the routes to be

traveled to the Ponca School are too dangerous for small children in going to and from school. Plaintiffs' evidence also shows the shorter distance to Florence School, the existence of street lights at intersections, better sidewalks, and, consequently, a safer and more convenient route than is available in attending the Ponca School. The contention is that this situation was not considered by the superintendent of schools in fixing the school attendance areas of the two schools and that his order fixing such boundary constitutes an abuse of discretion warranting correction by the courts.

Plaintiffs contend that the judgment of the district court is not a final order, and hence not appealable. The judgment entered finds for the plaintiffs and against the defendant on both causes of action, and the defendant was enjoined from refusing admission to Barbara Galstan to Florence School. This is a final order from which an appeal can be taken. The rule is stated in Dorshorst v. Dorshorst, 174 Neb. 886, 120 N. W. 2d 32, as follows: "The only contested issue raised by the pleadings is the sufficiency of the antenuptial agreement as a defense to the petition for the widow's allowances. The judgment of the district court finally determines that question and is an appealable order. It affects a substantial right. Its effect is to determine the action by preventing a judgment for the defendants. § 25-1902, R. R. S. 1943. An order is final and appealable when the substantial rights of the parties to the action are determined, even though the cause is retained for the determination of matters incidental thereto." See, also, Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35 N. W. 2d 116; Rieger v. Schaible, 81 Neb. 33, 115 N. W. 560, 17 L. R. A. N. S. 866.

The board of education is authorized by statute to make rules and regulations. § 79-1003.04, R. R. S. 1943. It has done so in the instant case. By its rule 3.4 (f), it has provided that the superintendent of schools shall establish or alter the attendance area boundaries for all

the schools in the interest of sound administration of the instructional program of the schools. By its rule 6.5 (b), it has provided that individual attendance district boundaries shall be established by the office of the superintendent of schools and may be changed as population conditions warrant, or as capacities of buildings require adjustment of pupil loads. The decision of these matters is lodged with the superintendent of schools and his discretion in such matters will not be interfered with by the courts except where his decision is so unreasonable and arbitrary as to amount to an abuse of his discretion. The decision of the superintendent of schools in the instant case is based on certain pertinent facts as to population conditions and the capacities of the schools involved. We can see no way to solve the administrative problems involved, and none has been pointed out, except by a readjustment of the school attendance areas of the two schools. Plaintiffs contend that dangers in the routes to be traveled were not considered and that the determination of the superintendent of schools to change the school attendance area boundaries is therefore an abuse of discretion and void.

We point out that many factors are involved in the changing of school attendance area boundaries. Distances to travel by the pupils will be to the advantage of some and disadvantageous to others in the same attendance area. Safety conditions will likewise vary as one route is apt to be more hazardous than another. But where the discretion is lodged in an administrative officer, it is for him to decide so long as his determination is supported by evidence and such determination is not unreasonable or arbitrary.

Plaintiffs' contentions on the issue of the dangers to children in going to and from Ponca School are controlled by our decision in State ex rel, Strange v. School District, 150 Neb. 109, 33 N. W. 2d 358, wherein we said: "Relators have shown that to transfer pupils from the Kearney school to the adjoining school results in incon-

venience and hazards of travel to those involved. These inconveniences and hazards are common in a greater or lesser degree to all school children in urban and, in many instances, rural areas. It may well be that the respondent board could have budgeted funds so as to have maintained four grades with two teachers at the Kearney school. It appears from the evidence, however, that economical administration of the affairs of the school was the course followed. It also appears that better facilities and instructional staff and equipment are had for pupils at the alternate school than at the Kearney school. All of these matters are for the consideration of the board. The action to be taken was for the board to determine, and not for the relators, the 235 petitioners, or for the court. The evidence does not show that the relators have a right to the writ." It is fundamental that if the action of a school board is within the power conferred upon it by the Legislature and pertains to a matter in which the board is invested with power to act, the courts cannot review the action of the board and call in question the manner of exercising the discretion of the board in regard to a subject matter over which it has jurisdiction, unless such action is so unreasonable and arbitrary as to amount to an abuse of the discretion reposed in it. Security Nat. Bank v. Bagley, 202 Iowa 701, 210 N. W. 947, 49 A. L. R. 705. We conclude that the evidence will not sustain a finding that the determination of the superintendent of schools constituted an abuse of discretion and, consequently, plaintiffs have failed to show a right to injunctive relief.

Plaintiffs pray in the alternative for a mandatory injunction requiring the school board to provide free transportation at public expense if the order of the superintendent of schools fixing the school attendance areas is sustained. On this question we point out that the Legislature has plenary control over school districts. The powers of a school district are statutory and, except as granted by statute, a school district is without power

to act. We know of no duty imposed on school districts to transport pupils to and from school except as provided by statute. Under the provisions of section 79-490, R. R. S. 1943, a transportation allowance for a pupil attending school in his own district will be provided if such child resides more than 3 miles from the school (now 4 miles by section 79-490, R. S. Supp., 1963). Where the statute provides when and under what conditions transportation of school children at public expense will be provided, the provisions of the statute are exclusive. The doctrine of expressio unius est exclusio alterius applies. This principle was correctly announced in School District of Omaha v. Adams, 151 Neb. 741, 39 N. W. 2d 550, as follows: "Under the circumstances presented here, both of the foregoing propositions of law clearly come within and are controlled primarily by the maxim, expressio unius est exclusio alterius, which, when operative in the law as an aid in the determination of legislative intent with reference to statutory grants of power, means that where a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned, unless the Legislature has plainly indicated a contrary purpose or intention. 59 C. J., Statutes, § 582, p. 984; 50 Am. Jur., Statutes, § 244, p. 238, § 429, p. 450; Rogers v. National Surety Co., 116 Neb. 170, 216 N. W. 182."

We conclude that the school district is without authority to provide free transportation to plaintiffs' child under the circumstances here shown and that the prayer of plaintiffs' petition for a mandatory injunction directing that free transportation be furnished, in the event the change in school attendance area is sustained, should be denied.

For the reasons stated, the judgment of the district court is reversed and the cause remanded with directions to dismiss plaintiffs' petition.

REVERSED AND REMANDED WITH DIRECTIONS.