RICHARD H. ABERNATHY, JR., ET AL., APPELLEES, v. CITY OF OMAHA ET AL., APPELLANTS.

163 N. W. 2d 579

Filed December 20, 1968. No. 36978.

Edward M. Stein, Donald L. Knowles, and Francis R. Pane, for appellants.

John W. Delehant, Jr., and Robert J. Huck, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

SPENCER, J.

This action involves the collection of a 5-mill levy by a sanitary and improvement district on property annexed by the city of Omaha. The levy and resultant tax were found to be void and unenforceable as to plaintiffs.

Prior to July 1, 1965, Prairie Hills Addition, a subdivision in Douglas County, was wholly within the boundaries of Sanitary and Improvement District No. 43 of Douglas County, hereinafter referred to as district. On July 1, 1965, an annexation ordinance of the city of Omaha, hereinafter referred to as city, became effective for a portion of Prairie Hills Addition which included plaintiffs' property. No agreement was entered into between the district and city adjusting the boundaries and dividing the assets and liabilities of the district, as provided in section 31-766, R. R. S. 1943. District levied no tax in 1965, but in July 1966, more than a year after the annexation, it levied a tax of 5 mills upon all the real and tangible personal property within the district, including the portion annexed by city on July 1, 1965. This was the first and only general mill levy certified by the district. City also levied its 1966 tax upon the annexed property. On September 6, 1966, city annexed further territory of district, and city and district there-

after agreed upon a merger. The merger of district and city became effective January 20, 1967, and city has succeeded to all assets of the district.

Plaintiffs brought this action on their own behalf and on behalf of all the owners of real and tangible personal property within the area annexed July 1, 1965. A temporary restraining order was issued March 29, 1967, enjoining the county treasurer from paying over the tax, and by agreement of the parties was continued in effect during the pendency of this litigation.

City urges that section 77-1727, R. R. S. 1943, does not grant authority to restrain the collection of the tax herein. The statute is as follows: "No injunction shall be granted by any court or judge in this state to restrain the collection of any tax, or any part thereof, nor to restrain the sale of any property for the nonpayment of any such tax, nor shall any person be permitted to recover by replevin, or other process, any property taken or restrained by the county treasurer for the nonpayment of any tax, except such tax or the part thereof enjoined in case of injunction, be levied or assessed for illegal or unauthorized purpose." The tax herein is within the exception, and the injunction was properly granted.

District and city have now been merged and city has succeeded to all the assets of the district. Should city be permitted to benefit at the expense of some of its taxpayers by its own dereliction of duty? It is the beneficiary of its failure to comply with the obvious intent of the law governing its annexation of July 1, 1965. It included the annexed property on its own tax rolls and then took no action of any nature to comply with section 31-766, R. R. S. 1943, for a period of 18 months.

Section 31-766, R. R. S. 1943, provides, so far as material herein: "If only a part of the territory within any sanitary and improvement district * * * is annexed by a city or village, the district acting through its trustees and the city or village acting through its governing

body may agree between themselves as to the equitable division of the assets, liabilities, maintenance or other obligations of the district for a change in the boundaries of the district so as to exclude the portion annexed by the city or village * * *. If the district and city or village do not agree upon the proper adjustment of all matters growing out of the annexation of a part of the territory located within the district, either the district or the annexing city or village may apply to the district court of the county where the major portion of the district is located for an adjustment of all matters growing out of or in any way connected with the annexation of such territory, and after a hearing thereon the court may enter an order or decree fixing the rights, duties and obligations of the parties; Provided, that in every case such decree or order shall require a change of the district boundaries so as to exclude from the district that portion of the territory of the district which has been annexed. Such change of boundaries shall become effective on the date of entry of such decree. Only the district and the city or village shall be necessary parties to such an action. The decree when entered shall be binding on both parties the same as though the parties had voluntarily agreed thereto."

City now urges that the boundaries of the property involved herein were not changed until the decree of the district court was entered July 20, 1967, on the merger of district and city. City certainly considered the boundaries changed when it included the property on its own tax rolls and taxed it for 1966. Ordinarily, the doctrine of equitable estoppel cannot be, invoked against a municipal corporation in the exercise of a governmental function, but exceptions can be made where right and justice so demand. See Sanitary & Improvement Dist. v. City of Ralston, 182 Neb. 63, 152 N. W. 2d 111.

The property in question was taxed by both district and city for the same services, solely because of the failure of either body to comply with section 31-766, R.

R. S. 1943. It is a settled policy in our law to guard against double taxation in all cases where it can be avoided. Peters Trust Co. v. Douglas County, 113 Neb. 596, 203 N. W. 1001.

Section 31-766, R. R. S. 1943, contemplates that district and city will promptly attempt to work out an agreement or a proper adjustment, and if they cannot agree then one of them will apply to the district court for an order or decree fixing the rights, duties, and obligations of the parties. In Sanitary & Improvement Dist. v. City of Ralston, 182 Neb. 63, 152 N. W. 2d 111, we said: "Section 31-766, R. R. S. 1943, contemplates that the rights of a sanitary and improvement district and of a municipality will be promptly adjusted after annexation of part of the district by the municipality." "Promptly" means "expeditiously." We hold that either district or city, after an annexation of part of the territory of a sanitary and improvement district, must institute action as soon as it becomes evident an agreement cannot be reached.

In this respect, it is to be noted that section 31-764, R. R. S. 1943, covering the annexation of all of a district, requires the trustees of the district to submit a written accounting of all assets and liabilities within 30 days. Section 31-765, R. R. S. 1943, also involving the annexation of an entire district, provides that the merger shall be effective within 30 days of the date of the annexation ordinance unless its validity is challenged by court proceedings. Obviously, section 31-766, R. R. S. 1943, must be construed in the light of the intent of the two preceding sections, 31-764 and 31-765, R. R. S. 1943.

On the facts in this case, we consider that done which should have been done, and will not permit city to benefit from its dereliction of duty by collecting a double general levy on the subject property for the same period of time. We hold the 5-mill levy herein to be void and unenforceable as to the property covered by the annexation ordinance of July 1, 1965.

The judgment of the trial court should be and hereby is affirmed.

AFFIRMED.