REVERSED AND REMANDED WITH<br/>DIRECTIONS TO DISMISS.

SMITH, J., dissents.

VAKOC CONSTRUCTION CO., A CORPORATION, ET AL., APPELLANTS, V. CITY OF WAYNE, NEBRASKA, A A MUNICIPAL CORPORATION, ET AL., APPELLEES.
213 N. W. 2d 721

Filed January 4, 1974. No. 39017.

Budd B. Bornhoft, for appellants.

John V. Addison, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and RONIN, District Judge.

RONIN, District Judge.

This is an action in equity by plaintiffs subdividers to enjoin the City of Wayne and its officers, defendants, from maintaining water and sewer lines across two lots in plaintiffs' new addition to the City of Wayne, Nebraska. The facts are not in dispute and the sole issue is the validity of the easement for these utility lines. The trial court held that the city had a valid utility easement. We affirm.

Plaintiffs Wingett are nominal plaintiffs by reason of being record owners of Lots 15 and 16 in The Knolls Addition to the City of Wayne, having contracted to sell them to the Vakoc Construction Co., a corporation, hereinafter designated as plaintiff. In 1969 plaintiff subdivided and annexed to the City of Wayne a new addition called The Knolls Addition. The City of Wayne shall hereinafter be designated as defendant.

Consolidating Engineers, an engineering firm, was at all times the city engineer for the defendant, and was also employed and paid by plaintiff to draft the plats and to handle the engineering work in connection with The Knolls Addition for the plaintiff. Consolidating Engineers prepared five preliminary plats prior to the final plat of The Knolls Addition. The disputed east-west water and sewer easement across Lots 15 and 16 does not appear on any of the preliminary plats, nor is there any evidence of it being discussed at either the planning commission or the city council meetings when the proposed Knolls Addition was before them.

The last of the preliminary plats, exhibit 20, was informally before the city council in the early part of November 1969, at which time certain restrictions and protective covenants were to be removed from the plat by the Consolidating Engineers. Thereafter the final plat, exhibit 1, was prepared by the Consolidating Engineers at plaintiff's request. In addition to deleting the restrictions and protective covenants, certain other

changes were made. Plaintiff's engineering firm, Consolidating Engineers, assumes that the disputed utility easement lines were placed on Lots 15 and 16 at this time, although its employee has no independent recollection as to why the easement was inserted on the plat and whether or not the plaintiff was advised of it, neither do they deny placing the utility easement lines on the plat.

The surveyor's certificate was executed by said engineering firm on exhibit 1 and acknowledged before plaintiff's attorney on November 25, 1969. Plaintiffs also on the same date executed their dedication of The Knolls Addition and their request for annexation which included their certification as to its correctness, which instruments were on the final plat and the acknowledgments taken by their attorney. It is apparent that the plaintiffs, their engineer, and their attorney all had the opportunity to examine the final plat for its correctness at this time. Thereafter on the same day plaintiff filed the final plat with the city council, which accepted and adopted it by resolution and ordinance. Early in 1970, plaintiff first learned that the City of Wayne was claiming an easement for utilities running east and west across its aforesaid lots. At this time the defendant had dug a trench 35 feet long preparatory to laying sewer pipe. Plaintiff made its complaint to defendant as to the validity of its easement without avail and thereafter commenced this action.

The testimony of the president of the plaintiff company is to the effect that at the time he affixed his signature to exhibit 1, he did not know that the disputed easement lines had been placed on the plat, and that the Consolidating Engineers whom he had employed and paid to prepare the plat had not advised him of this change, and that had he known of the change he would not have approved it. Plaintiff asserts no claim of misrepresentation or fraud on the part of the defendants.

There is no evidence that the disputed easement lines were inserted after plaintiff had signed the plat, and plaintiff in its brief assumes that the easement lines had been drawn in prior to the signing of the plat.

An examination of the statutory provisions for platting a subdivision of a city by landowners places the duty on the owner to make a plat of such subdivision and to describe the lots by number and by dimensions. § 17-415, R. R. S. 1943. It is further required that each plat shall contain a statement that the subdivision "is made with the free consent and in accordance with the desire of the undersigned owners" and shall be duly executed and acknowledged. § 17-416, R. R. S. 1943. The statutes further provide that such acknowledgment and then recording of such plat is equivalent to a deed in fee simple to those portions set apart for streets or other public use. § 17-417, R. R. S. 1943.

This being an appeal in an action in equity, this court will try the issues of fact complained of de novo. Satterfield v. Dunne, 180 Neb. 274, 142 N. W. 2d 345.

Plaintiff seeks to invoke the doctrine of estoppel in pais under the facts in this case. In May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448, we held: " 'The doctrine of estoppel in pais has application to municipal corporations, and city councils or public authorities will be estopped or not as justice and right may require.' " In the May case cited by plaintiff the question involved was whether the city council had the authority to issue general obligation bonds to pay for an electric light and power plant belonging to Consumers Public Power District. The electors had voted to acquire the system on the representation of the city officials of Kearney that the city would pay for the property by the issuance of revenue bonds. Thereafter the city voted to issue general obligation bonds in violation of its promises to the people. Our court upheld the action to enjoin the issuance of the bonds applying the doctrine of estoppel

in pais against the City. In the May case, *supra*, and others cited by plaintiff in its brief, there was positive evidence of misrepresentations or inequitable conduct on the part of the governmental body which was relied on by the injured party in good faith and to his detriment.

The general rule in applying the doctrine of estoppel to municipal corporations is stated in 28 Am. Jur. 2d, Estoppel and Waiver, § 129, p. 794: "Although there are instances in which the doctrine of estoppel is applicable against a municipal corporation, the doctrine is to be applied with caution and only in exceptional cases under circumstances clearly demanding its application to prevent manifest injustice." See, also, 31 C. J. S., Estoppel, § 141, p. 696; City of Grand Island v. Willis, 142 Neb. 686, 7 N. W. 2d 457; Abernathy v. City of Omaha, 183 Neb. 660, 163 N. W. 2d 579.

The elements necessary for the application of the doctrine of equitable estoppel to either a natural person or a municipal corporation and involving an interest in real estate are set forth in 28 Am. Jur. 2d, Estoppel and Waiver, § 81, p. 724: "As a general thing, in order to establish an equitable estoppel against one asserting his title or claim to real property, the party attempting to raise it must show an actual fraudulent representation, concealment, or such conduct or negligence as will amount to a fraud in law, and that the party setting up such estoppel relied thereon, and was actually misled thereby to his injury."

The record in this case fails to disclose that the defendants made any representations with regard to the disputed easement, nor does it disclose any concealment, or any conduct or negligence which would amount to a fraud. Under the statutes previously cited, it was the duty of the plaintiff to submit an accurate and suitable plat of its proposed subdivision. In the preparation of the final plat which contained the disputed easement

for the first time, the firm, Consolidating Engineers, was acting in the employment of the plaintiff. The statutory procedures for dedicating plats for new additions constitute a safeguard against usual errors and misunderstandings and when accepted and recorded possess the legal equivalent of a deed in fee simple.

We hold that the evidence in this case does not contain any inequitable conduct on the part of the defendants and that by reason thereof the doctrine of equitable estoppel is not available to plaintiff and the equitable relief prayed for must be denied.

We affirm the judgment of the trial court.

AFFIRMED.