LEO W. CONNOT ET AL., APPELLANTS, V. LOUIS MONROE ET AL., APPELLEES.

227 N. W. 2d 827

Filed April 10, 1975. No. 39476.

Kirby, Duggan & McConnell, for appellants.

John C. Coupland and Wagoner & Wagoner, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

In this action against the members of the Board of Education of School District No. 4 of Cherry County, Nebraska, the District Court refused to issue a writ of mandamus to compel the Board to provide pupil bus transportation and dismissed the action. We affirm the judgment of the District Court.

School District No. 4 is a Class I district and had five board members. Its powers, since the 1949 general revision of the school laws, are specifically defined in section 79-443, R. R. S. 1943, as follows: "The district school boards and boards of education shall have the general care and upkeep of the schools, shall provide the necessary supplies and equipment, * * *. *They shall make such rules and regulations as they may think necessary for the government and health of the pupils, and devise such means as may seem best to secure the regular attendance and progress of children at school.*" (Emphasis supplied.)

Sections 79-487 to 79-491, R. R. S. 1943, specifically set out detailed rules as to the powers and duties of the Board whether transportation is by bus or mileage allowance. The power to determine which method is used is indisputably in the board of education alone. School boards and school districts are creatures of the Legislature. And, in the statutory scheme, no power is conferred on the electors either in the first instance, or by

veto, as to the selection of the methods of providing or "securing" the attendance of pupils.

With these principles in mind the significance of the rather chaotic factual sequence of meetings becomes clear.

On June 21, 1973, the Board met and deadlocked on the issue of bussing. The Board itself summoned an informal or "advisory" meeting on June 27, 1973, of the electors by telephone and voice notice, and by a close vote, approved bussing. It is not contended this meeting had any statutory authorization or could exercise any legal power over the Board. No notice was posted as required by section 79-502, R. R. S. 1943.

The Board held its statutorily required annual meeting on July 9, 1973, and approved its required annual budget. No question exists as to the validity of this annual meeting or the budget adopted. Item 3 of the budget (exhibit 14) appropriates $9,504 for "Other School Services." No reference is made to bussing or transportation allowance. The other budgeted items are general administration, instruction, operation of plant, maintenance of plant, fixed charges, and capital outlay. The minutes reflect no discussion or determination of the transportation issue. The official printed budget form contained open lines for specific appropriations and there is none. Consequently the contention that a "bussing appropriation and decision" was made at the annual meeting and that therefore it was mandatory on the Board to provide bussing must fall. Moreover, under the statutes and the broad grant of power to the Board, we know of no authority to require the Board to make such a "bussing" decision at any specific time. The only mandatory requirement is that in the event bussing is not provided, that appropriate mileage payments be made to the parents.

The Board met again on July 24, 1973, and voted against bussing. After that, one of the Board members attempted to convene a special meeting of the district

electors on August 7, 1973. At this meeting a majority of those present, but only about one-third of the electors of the district, favored bussing. In any event, the meeting was advisory only. The powers of a *school district* to act are statutory and, except as granted by statute, a school district is *without power to act*. Galston v. School Dist. of City of Omaha, 177 Neb. 319, 128 N. W. 2d 790. The powers of the patrons and electors meeting in an annual or special meeting are specifically enumerated by statute. The sole power to determine pupil transportation is in section 79-486, R. R. S. 1943, restricting the Board's power to contract for the transportation of pupils to an *adjoining district*, unless approved by the district. As mentioned before, the general powers to govern the district are vested by section 79-443, R. R. S. 1943, in the board of education alone and the specific power to regulate the transportation and to secure attendance is delegated to the board in the several statutes.

It is settled law that to warrant the issue of mandamus, the duty must be imposed upon the officer by law, the duty must exist at the time the writ is applied for, and *the duty to act must be clear*. State ex rel. Krieger v. Board of Supervisors of Clay County, 171 Neb. 117, 105 N. W. 2d 721.

The power to determine the means of providing transportation for school attendance is discretionary with the Board of Education of School District No. 4. It is not contended that the Board has entirely failed to act, only that it was required to perform the duty by providing for bussing. The contention is without merit.

The judgment of the District Court in refusing mandamus and dismissing the action is correct.

AFFIRMED.