FURMAN K. WARREN ET AL., APPELLANTS, V. PAPILLION SCHOOL DISTRICT NO. 27 ET AL., APPELLEES.

259 N. W. 2d 281

Filed November 9, 1977. No. 41314.

L. W. "Jim" Weber and Stanley H. Foster, for appellants.

John P. Kelly and Dean F. Skokan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Plaintiffs and appellants in this case are taxpayers who reside in what was formerly the Ireland School District No. 35 of Sarpy County, Nebraska; and are the parents of students who presently attend the Papillion public schools and reside within a 4-mile radius of those schools. Defendants and appellees include the Papillion School District No. 27 and the members of the school board of that school district.

In September 1976, plaintiffs filed a petition in the District Court for Sarpy County, alleging that the defendants had illegally terminated school bus service to students residing in what was formerly the Ire-

land school district. Although five causes of action were set forth in the petition, plaintiffs' essential claim was that the former Ireland school district was merged into the defendant's school district in 1957; that at the time of the merger the school board of the Papillion school district orally promised that it would provide school bus service to students residing in the Ireland school district for an unlimited period of time; that the oral agreement to provide school bus service was in consideration of the Ireland school district's agreement to transfer their assets to, and merge with, the Papillion school district; and that the Papillion school district had continuously provided school bus service to students who reside in what was formerly the Ireland school district until 1976, when it terminated such service. Plaintiffs alleged that defendants had enjoyed the benefits of the oral agreement reached in 1957, and that they should now be estopped from denying the agreement or altering its terms.

Plaintiffs also alleged that section 79-490, R. R. S. 1943, is unconstitutional and contrary to public policy insofar as it provides for mandatory payment of transportation allowances for students only to those students who reside beyond a 4-mile radius of the schoolhouse in a school district. Although plaintiffs' petition included additional allegations that defendants' termination of school bus service was unlawful under various provisions of the Constitutions of Nebraska and the United States, the allegations described above are the ones pertinent to this appeal. The trial court sustained in part defendants' motion to strike certain allegations in the petition. These allegations referred to the irreparable harm plaintiffs would suffer if bus service was terminated, and to increased air pollution which would be caused by termination of bus service. Plaintiffs prayed for a judgment ordering defendants to provide school bus service to their children, or, in the alternative,

holding section 79-490, R. R. S. 1943, unconstitutional.

In their answer, defendants admitted that the former Ireland school district was merged into the Papillion school district in 1957, but denied the existence of an oral agreement as alleged by the plaintiffs. Attached to the answer as an exhibit were the written records of the merger which took place in 1957, and such records did not refer to any agreement in regard to the busing of students who reside in what was formerly the Ireland school district.

Both parties filed motions for summary judgment, and affidavits and testimony were introduced and received in evidence in support of the motions. Evidence introduced by plaintiffs indicated that in 1957 several school districts were interested in having the Ireland school district merged into their district because they wanted to broaden their tax base. School board members of the Papillion school district approached the school board of the Ireland school district to discuss merger, and subsequently the petitions were filed with the Sarpy County superintendent of schools requesting that the Ireland school district be permitted to merge with the Papillion school district. In their petitions, the qualified school electors and legal voters of the Ireland school district No. 35, and the school board members of the Papillion school district, requested that school district boundaries be changed to "add to and make a part of The School District of Papillion, in the County of Sarpy, in the State of Nebraska, all of the area included within the boundaries of School District No. 35 of Sarpy County, Nebraska, Provided that all bonded indebtedness incurred prior to the creation of the newly enlarged district shall remain the liability of the district which incurred it and shall not be a liability of the newly enlarged district." After finding that the petitions conformed to the requirements of the law, and holding a hearing, the Sarpy

County superintendent of schools ordered that the school districts be merged in the manner requested by the petitioners, but subject to the condition in regard to bonded indebtedness. The written records of the merger make no reference to any agreement by the Papillion school district to provide school bus service to students who reside in the former Ireland school district.

Witnesses testifying on behalf of the plaintiffs, including persons who were members of the two school boards at the time of the merger, indicated that at that time members of the Papillion school board orally promised the Ireland school board and residents of the Ireland school district that it would provide school bus service to students in the Ireland school district for an unlimited period of time in exchange for the Ireland school district's agreement to merge into the Papillion school district. These witnesses also stated that the Ireland school district agreed to give all its assets to the Papillion school district, and that this agreement was fulfilled. Evidence was introduced that in 1964 the Papillion school district considered the termination of school bus service to students residing in the former Ireland school district, but decided to continue such service when reminded of its prior oral commitment. It was not until 1976 that the school bus service was terminated, over objection of plaintiffs.

Plaintiffs also introduced evidence that termination of bus service would expose their children to hazardous conditions due to dangerous streets or roads which are not safe for children to transverse in walking to school, and due to a lack of facilities for pedestrians. Plaintiffs conducted a poll which indicated that many school districts in eastern Nebraska currently provide school bus service to children who live within a 4-mile radius of the district's schoolhouse.

The District Court overruled plaintiffs' motion for

summary judgment. The court found that even if an oral agreement were made in 1957, as alleged by plaintiffs, such oral agreement would not be binding on the present Papillion school board because it would remove from the board its discretionary power to make decisions concerning the transportation of students residing within a 4-mile radius of its schoolhouses. Section 79-490, R. R. S. 1943, was upheld as constitutional. In view of these findings, the court found there to be no material facts in issue, and awarded summary judgment in favor of the defendants.

Plaintiffs have now appealed to this court, contending that an oral contract such as the one they allege in their petition is enforceable; that defendants should be estopped from denying the oral contract; that section 79-490, R. R. S. 1943, is unconstitutional; and that therefore it was error to grant summary judgment in favor of defendants. Plaintiffs also contend that the District Court erred in striking certain allegations, referred to above, from their petition.

This appeal must be decided within the context of the rules regarding summary judgment. "The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact in the case and where under the facts he is entitled to judgment as a matter of law." Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152 (1973). See, also, C. C. Natvig's Sons, Inc. v. Summers, 198 Neb. 741, 255 N. W. 2d 272 (1977); Reeves v. Associates Financial Services Co., Inc., 197 Neb. 107, 247 N. W. 2d 434 (1976).

The two principal issues in this case are (1) whether an oral contract such as the one alleged by the plaintiffs is enforceable; and (2) whether section 79-490, R. R. S. 1943, is constitutional. There is clearly an issue of fact presented as to whether the alleged oral agreement was made, and if so, what its

terms were; therefore summary judgment could only be properly granted in favor of defendants if, as a matter of law, the alleged oral agreement, even if existing, is unenforceable. If such an oral agreement can be held enforceable, summary judgment in favor of either party is improper because the parties dispute the existence of the oral agreement, and therefore a genuine issue as to a material fact exists. The constitutionality of section 79-490, R. R. S. 1943, can be properly determined on a motion for summary judgment because that issue presents only a question of law.

We first consider whether an oral agreement such as the one alleged by the plaintiffs is enforceable. Statutory provisions concerning the powers and duties of school boards in regard to the transportation of students are relevant as a background to this issue. Section 79-443, R. R. S. 1943, provides that the school boards of school districts shall "devise such means as may seem best to secure the regular attendance and progress of children at school." Section 79-487, R. R. S. 1943, authorizes school boards to purchase school buses for the purpose of providing transportation for school children to and from school. Section 79-490, R. R. S. 1943, provides, in relevant part, that when no other means of free transportation is provided to a student attending a public school, an allowance for transportation shall be made to the family of students who reside more than 4 miles from the schoolhouse. Such allowance is forty cents per mile for each mile or fraction thereof actually traveled by which the distance of the student's residence from the schoolhouse exceeds 4 miles.

It can be seen that school boards are under no statutory duty to provide actual bus service to any students. As stated in Connot v. Monroe, 193 Neb. 453, 227 N. W. 2d 827 (1975), the "power to determine the means of providing transportation for school at-

tendance is discretionary with the Board of Education" of each school district. This court also noted in that case under the satutory scheme, particularly section 79-443, R. R. S. 1943, "no power is conferred on the electors either in the first instance, or by veto, as to the selection of the methods of providing or 'securing' the attendance of pupils." See, also, Galstan v. School Dist. of the City of Omaha, 177 Neb. 319, 128 N. W. 2d 790 (1964).

Because defendants are under no statutory duty to provide school bus service to plaintiffs, such duty can only exist if the alleged oral contract is enforceable. It should be noted at the outset that it is questionable whether a school board acting in 1957 could bind all successive school boards in regard to an agreement concerning school bus service for an indefinite period of time, even if the agreement were in writing. See 78 C. J. S., Schools and School Districts, § 278, pp. 1255, 1256. The fact that the alleged agreement in this case is oral, however, presents a narrower question.

In Barrett v. Hand, 158 Neb. 273, 63 N. W. 2d 185 (1954), this court held that the proceedings and records of county commissioners pertaining to the establishment of a public road, required by law to be kept and which are not ambiguous, cannot be modified by parol testimony in a collateral proceeding. The reasons for this rule are to assure verity, certainty, and permanence; and to avoid the mischief which might result from leaving evidence of public acts to shifting sources and individual memories. Although Barrett v. Hand, *supra,* dealt with the records of county commissioners, the principles enunciated in that case are general ones which are applicable to all public records. In 30 Am. Jur. 2d, Evidence, § 1027, p. 162, it is stated to be a general rule "that what ought to be of public record must be proved by the record and cannot be contradicted or enlarged by parol evidence." It is further stated, at

p. 163, that the "rule that public records cannot be contradicted or enlarged by parol evidence is not limited to records of formal official action, but applies as well to documents and other records of public officers and boards, such as the records of school boards, irrigation districts, and the like." See, also, 32A C. J. S., Evidence, § 876 et seq., p. 240. The rule is analogous to the parol evidence rule with respect to contracts. See Traudt v. Nebraska Public Power Dist., 197 Neb. 765, 251 N. W. 2d 148 (1977).

In the present case, the public record of the merger in 1957 consists of the petitions of the qualified school electors and legal voters of the Ireland school district, the petition of the school board members of the Papillion school district, and the order of the county superintendent. The latter provides that the Ireland school district should be added to the Papillion school district, subject to the provision requested by petitioners that all bonded indebtedness incurred prior to the creation of the newly enlarged Papillion school district should remain the liability of the district which incurred it. Neither the petitions nor the order of the county superintendent mention any agreement in regard to school bus service to students residing in what was formerly the Ireland school district.

Under Barrett v. Hand, *supra,* as well as the other authorities cited above, it is clear that parol evidence may not be received to contradict or enlarge what is contained in the public record of the merger. The petitions and the order of the county superintendent are the official public records of the merger, and the order indicates that the merger was carried out in the manner required by law. Plaintiffs do not attack the validity of the merger in this case, but simply argue that the written record is incomplete, and that an additional condition of the merger is not in the official, written record. Under the principles of law cited above, however, plaintiffs are precluded

from now enlarging the official record by evidence of an oral agreement.

Plaintiffs contend that the doctrine of equitable estoppel should be applied in this case, and that the defendants should be estopped from denying that they are obligated to provide bus service to the plaintiffs. Plaintiffs rely on the case of May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448 (1945), in which this court held that a city was estopped from selling general obligation bonds to acquire certain property when it had previously submitted to the electorate the question of whether the city should sell revenue bonds, and the electorate had rejected the proposal. The city had represented to the electorate that if the revenue bond proposal was rejected, the property would not be acquired. Under the facts of that case, this court found an exception to the general rule that the doctrine of estoppel will not ordinarily be applied against any governmental agency, acting in its public capacity. See, also, 28 Am. Jur. 2d, Estoppel and Waiver, § 133, p. 802.

Although May v. City of Kearney, *supra,* indicates that the doctrine of estoppel may be applied against governmental entities in compelling circumstances, the "limitations upon the May case have been recognized in many subsequent cases. Ordinarily, the doctrine of equitable estoppel cannot be invoked against a municipal corporation. * * * Exceptions are made only where right and justice so demand. The doctrine is to be applied with caution and only in exceptional cases under circumstances clearly demanding its application to prevent manifest injustice." Christian v. Geis, 193 Neb. 146, 225 N. W. 2d 868 (1975). See, also, Hayes v. Sanitary & Improvement Dist. No. 194, 196 Neb. 653, 244 N. W. 2d 505 (1976); Talbott v. City of Lyons, 171 Neb. 186, 105 N. W. 2d 918 (1960); Vakoc Constr. Co. v. City of Wayne, 191 Neb. 45, 213 N. W. 2d 721 (1974).

We do not believe the present case to be an ex-

ceptional one presenting circumstances clearly demanding the application of equitable estoppel to prevent manifest injustice. At the time the alleged representations were made by defendants concerning school bus service, the Ireland school district was entirely a rural area, and only 10 to 15 students resided in that area. At the present time more than 90 students reside in that area, as there has been housing development since the time of the merger. Furthermore, it appears from the oral argument of this case that a new schoolhouse has been built since the merger, and apparently plaintiffs reside within a 1-mile radius of the new schoolhouse.

Finally, it is clear that an estoppel is not a cause of action, nor does it give rise to one. Its purpose is to preserve rights already acquired and not to create new ones. Clark & Enersen, Hamersky, S., B. & T., Inc. v. Schimmel Hotels Corp., 194 Neb. 810, 235 N. W. 2d 870 (1975); State v. Bardsley, 185 Neb. 629, 177 N. W. 2d 599 (1970). Plaintiffs failed to preserve any rights with respect to school bus service in the public record of the merger, and cannot now create such rights by means of estoppel.

Plaintiffs also contend that section 79-490, R. R. S. 1943, is unconstitutional. That section provides for a transportation allowance for the family of students when no other means of free transportation is provided by a school board. Such allowance is provided to certain students who live more than 4 miles from the public schoolhouse, who "shall be paid for each day of attendance forty cents per mile for each mile or fraction thereof actually traveled by which the distance of the residence of such student from the schoolhouse exceeds four miles; * * *." Although plaintiffs attack section 79-490 on several grounds, their primary contention, and the only one meriting discussion, is that the "four-mile rule" set forth in section 79-490 is arbitrary and capricious, and results in classification in violation of equal pro-

tection of law. Plaintiffs also contend that the 4-mile rule is unconstitutional as applied because school districts other than the Papillion school district provide bus service to students residing within 4 miles of the schoolhouse; and because tax assessments are the same for all property owners in a school district, but persons living within a 4-mile radius of the schoolhouse are denied services which are received by persons living beyond a 4-mile radius.

Contrary to plaintiffs' contention, section 79-490, R. R. S. 1943, does not deny persons living within a 4-mile radius of the schoolhouse services which are received by persons residing beyond the 4-mile radius. Under section 79-490, those students residing more than 4 miles from the schoolhouse receive an allowance only for the distance between their home, and the 4-mile limit. All students, irrespective of where they live, bear the cost of traveling the last 4 miles to the schoolhouse when a schoolboard elects not to provide busing service. Therefore the only question presented is whether the Legislature can provide a transportation allowance for the distance a student travels beyond 4 miles.

In the area of economics and social welfare, a state does not violate the equal protection clause merely because a classification made by its laws is imperfect. If the classification has some reasonable basis it does not offend the Constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality. See, Botsch v. Reisdorff, 193 Neb. 165, 226 N. W. 2d 121 (1975); Dandridge v. Williams, 397 U. S. 471, 90 S. Ct. 1153, 25 L. Ed. 2d 491 (1970). The 4-mile rule set forth in section 79-490, R. R. S. 1943, clearly has a reasonable basis. The Legislature may certainly conclude that where a school district provides no free transportation, the families of students who happen to live a great distance from the schoolhouse should be granted a transportation

allowance so that their costs of transportation will be approximately the same as the majority of students who live in close proximity to the schoolhouse. Some limitation in terms of miles may be established, and a 4-mile limitation is reasonable and not without a rational basis. The limitation in section 79-490 bears a rational relationship to the legitimate purposes of the legislation, and therefore the section is not unconstitutional as being in violation of equal protection. Botsch v. Reisdorff, *supra.*

Section 79-490, R. R. S. 1943, is also not unconstitutional as applied in this case. The fact that some school boards in this state do provide free transportation service to students residing within 4 miles of the schoolhouse does not support the claim that the Papillion school board is acting unconstitutionally when it does not provide such service. No school board is under a statutory duty to provide bus service or a transportation allowance to students residing within 4 miles of the schoolhouse. School boards in different districts may well respond differently when exercising their discretion in regard to transportation service for students, as relevant considerations are unique to each school district.

The final contention of the plaintiffs is that the District Court erred in striking from their petition allegations which referred to the amount of air pollution which would be caused by the termination of bus service to plaintiffs, and to the irreparable harm plaintiffs would suffer if bus service was terminated. In light of the conclusions we have reached, the striking of these allegations, even if error, was not prejudicial, as such allegations were peripheral to the primary issue of whether the alleged oral agreement was enforceable.

We have reviewed the contentions of the plaintiffs and find them to be without merit. Therefore the judgment of the District Court is affirmed.

AFFIRMED.