REQUESTED BY: Alan Curtiss, Grant County Attorney, Hyannis, Nebraska.
Is a Deputy County Treasurer required to reside in the county of employment?
No.
The specific qualifications for state and county deputies is set forth in section 84-801, et seq., of the Nebraska Statutes. Section 84-801 provides:
 "The Auditor of Public Accounts, State Treasurer, and State Librarian respectively, and each county register of deeds, treasurer, sheriff, clerk and surveyor, may appoint a deputy, for whose acts he shall be responsible, which appointment shall be in writing and shall be revocable by writing under the principal's hand. The deputy for each of the state offices shall be bonded under the blanket surety bond required by section 11-201. A bond may be required from each of the deputies for each of the county offices. Both the appointment and revocation shall be filed and kept in the office of the county clerk in case of deputies for county officers, but in case of state officers they shall be filed and kept by the principals."
Section 84-802, R.R.S. 1943, provides that the deputy shall perform the duties of his principal in the absence or disability of the principal with certain exceptions.
Section 84-803, R.R.S. 1943, prohibits the county treasurer, sheriff, register of deeds, clerk or surveyor from appointing any of the others as his deputy.
Section 84-807, R.R.S. 1943, requires each deputy to take the same oath as his principal which shall be endorsed upon and filed with his certificate of appointment.
There is nothing in any of the statutory qualifications requiring a deputy county officer to reside in the same county as the one in which he or she is employed. On the other hand, as above noted there are several specific statutory requirements for the appointment of a deputy. Under the general principle of statutory interpretation that the mention of one thing implies the exclusion of another, the enumeration of certain powers implies the exclusion of all others not fairly incidental to those enumerated. The same may reasonably be said of the enumeration of qualifications for office. This principle has been consistently followed by the Supreme Court of Nebraska. In Galstan v. SchoolDistrict of Omaha, 177 Neb. 319, 128 N.W.2d 790, the Court stated:
 ". . . a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned, unless the Legislature has plainly indicated a contrary purpose or intention."
This is also consistent with a previous opinion of this office concerning the residence of a deputy county attorney. See Opinion No. 70, September 13, 1971, Opinions of Attorney General.
For these reasons, it is our opinion that a deputy county treasurer is not required to reside in the same county for which he or she is appointed.