SCHOOL DISTRICT OF WATERLOO IN THE COUNTY OF DOUGLAS IN THE STATE OF NEBRASKA, ALSO KNOWN AS DOUGLAS COUNTY SCHOOL DISTRICT 0011, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT, V. DREW HUTCHINSON AND JUDY HUTCHINSON, HUSBAND AND WIFE, APPELLEES.

508 N.W.2d 832

Filed December 10, 1993.    No. S-91-601.

John F. Recknor and Danene J. Tushar, of Barlow, Johnson, DeMars & Flodman, for appellant.

Jay L. Welch and Gary F. Smolen, of Rickerson, Welch & Kruger, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The appellant, School District of Waterloo (Waterloo), claims that the district court erred when it affirmed a county court ruling that Waterloo had no authority to charge a fee for bus transportation provided to students who live more than 4 miles from their school.

We reverse the affirmance of the district court for Douglas County and remand this cause to that court with direction to remand the cause to the Douglas County Court with instruction to enter judgment in favor of Waterloo.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Malzahn v. Transit Authority, ante* p. 425, 507 N.W.2d 289 (1993); *Douglas Cty. Bank & Trust v. Stamper, ante* p. 226, 505 N.W.2d 693 (1993).

## ASSIGNMENTS OF ERROR

Waterloo claims that the district court erred in affirming the decision of the county court and in failing to find that (1) Waterloo can charge a fee for providing bus transportation to those students who live more than 4 miles from the school they attend and who request the service; (2) under principles of res judicata, a federal district court's dismissal of the Hutchinsons' 42 U.S.C. § 1983 (1988) action supports a judgment in favor of the school district; and (3) the appellees, by accepting the benefit of the bus transportation, are estopped from claiming that the school district had no authority to charge transportation fees.

## FACTS

Before 1985, Waterloo offered free bus transportation to all of its students. In the 1985-86 school year, Waterloo began

charging a fee to those parents who requested bus service for their children. Waterloo pays about 50 percent of the total cost of the bus service, while fees from the parents pay for the balance. Waterloo charges the same rates to all families who request the service, regardless of how far they live from the school.

The parties stipulated, inter alia, to the following facts:

From the school years 1985-86 through 1989-90, Drew and Judy Hutchinson, who live more than 4 miles from the Waterloo school, requested and received from Waterloo school bus transportation for their three children. The Hutchinsons were charged a total of $2,115 for bus transportation during those years. Although their children continued to use the transportation, the Hutchinsons refused to pay the fees, claiming that Waterloo had no legal authority to charge a fee for the transportation provided to students living more than 4 miles from their school.

After trial on Waterloo's claim for the Hutchinsons' uncollected fees, the county court found "generally in favor of the defendants." On appeal, the district court affirmed that ruling.

In a related action, the appellees filed suit against Waterloo in federal district court, claiming that under § 1983, Waterloo's assessment of transportation fees against the Hutchinsons violated the U.S. Constitution. Appellees' federal suit was dismissed because it failed to state a claim upon which relief could be granted. The dismissal was not appealed.

## ANALYSIS

School boards are creatures of statute, and their powers are limited. They can bind the district only within the limits fixed by the Legislature; beyond that, their acts are void. *Fulk v. School District*, 155 Neb. 630, 53 N.W.2d 56 (1952). Any action taken by a school board must be through either an express or implied power conferred by legislative grant. *Id.*

Neb. Rev. Stat. § 79-443 (Reissue 1987) sets forth the general governing powers and duties conferred upon school boards. One of the enumerated duties under § 79-443 requires school boards to "devise such means as may seem best to secure the

regular attendance and progress of children at school." A school board may choose to provide bus transportation as a means of securing its students' attendance. However, a school board is under no statutory duty to do so. *Warren v. Papillion School Dist. No. 27*, 199 Neb. 410, 259 N.W.2d 281 (1977).

School boards also have several specific powers related to transportation. For example, school boards have statutory authority to "enter into contracts under such terms and conditions as the board deems appropriate for a period not to exceed four years for the provision of . . . transportation services . . . ." Neb. Rev. Stat. § 79-4,154.01 (Reissue 1987). School boards also have the power to purchase buses for transporting students to and from school or school-related activities. Neb. Rev. Stat. § 79-487 (Reissue 1987).

A mandatory duty relating to transportation is also imposed on school boards. Neb. Rev. Stat. § 79-490 (Cum. Supp. 1992) provides:

When no other means of free transportation is provided to a student attending a public school, [a mileage] allowance for transportation shall be made to the family of such student by the [school] district in which such family resides as follows:

(1) When a student attends an elementary school in his or her own district and lives more than four miles from the public schoolhouse in such district . . . .

Implicit in § 79-490 is a school board's authority to provide free transportation to students if it chooses to do so. To the extent that *Galstan v. School Dist. of Omaha*, 177 Neb. 319, 128 N.W.2d 790 (1964), holds that school boards have no authority to provide free transportation, it is overruled.

Since this litigation was commenced, the Legislature amended § 79-490 to explicitly authorize school boards to provide transportation to students who live within a 4-mile radius of their schools and to charge a fee for those services. As amended, the statute does not address whether school boards may charge for transportation provided to students who reside more than 4 miles from their schools.

Under the foregoing statutes and case law, Waterloo clearly has the power to offer transportation services to its students, to

contract with a bus company to provide those services, and to charge a fee to students living within a 4-mile radius of the schools.

The issue here is whether Waterloo, during the relevant period under consideration, could charge a fee for the bus transportation it provided to students living beyond the 4-mile radius.

This court has stated that the power to determine the means of providing transportation for school attendance is discretionary with the school board of each school district. *Warren, supra*; *Connot v. Monroe*, 193 Neb. 453, 227 N.W.2d 827 (1975). If a school board acts within the power conferred upon it by the Legislature, the courts cannot question the manner in which a board has exercised its discretion in regard to a subject matter over which it has jurisdiction, unless such action is so unreasonable and arbitrary as to amount to an abuse of the discretion reposed in it. See *Galstan, supra*.

We find that a school board's discretionary power to determine the means of providing transportation carries with it the implied power to decide whether to charge a fee for transportation provided to students living outside a 4-mile radius of their schools. As its means of providing transportation, Waterloo chose to contract with a bus company and charge the users of the service a fee to help pay for the service. Waterloo's decision to charge a fee for this bus service, which it was under no statutory duty to provide, falls within its discretion. The fees charged by Waterloo covered only half the cost of the bus service and were the same for those students living within and without the 4-mile radius of the school. As such, Waterloo's fees for students living outside the 4-mile radius were not so unreasonable or arbitrary as to amount to an abuse of discretion.

Because we find that Waterloo's discretionary power includes the power to decide whether to charge fees for transportation provided to students outside the 4-mile radius, we need not address Waterloo's two remaining assignments of error.

We reverse the district court's affirmance and remand the cause to that court with direction to remand the cause to the

county court with instruction to enter judgment in favor of Waterloo.

REVERSED AND REMANDED WITH DIRECTION.

LANPHIER, J., not participating.