G. B. SCOFIELD, ET AL., PLAINTIFFS IN ERROR, V. THE STATE NATIONAL BANK OF LINCOLN, NEBRASKA, DEFENDANT IN ERROR.

1. **Practice:** ERROR: FINAL ORDER.  An order of a judge of a district court dissolving a temporary injunction is not final, but interlocutory merely, and insufficient to support a petition in error before final judgment in the action.

ERROR from Otoe county district court.   Motion to dismiss cause.

*E. F. Warren,* for the motion.

*G. B. Scofield,* contra.

LAKE, J.

This is a motion filed by the defendant in error to dismiss the case on the ground that the order complained of is not reviewable in this court until after the final disposition of the case in which it was made by the district court.

The order in question was made by the judge of the court below in vacation, dissolving a temporary injunction allowed by the county judge in an action brought by the plaintiff in error to set aside a certain decree of foreclosure, and to perpetually enjoin the sale of the mortgaged premises thereunder.   Without awaiting

the final judgment of the court in the action, the plaintiff now seeks, by proceedings in error, to have this order of the district judge reversed.

Section 581 of the code of civil procedure declares what kinds of orders are "final," and therefore subject to review by petition in error. It declares that: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title." Gen. Stat., 628.

Now it is very clear that an order dissolving a temporary injunction does not fall within either of the three classes of orders here mentioned. It is not within the *first*, for although it may have affected "a substantial right" of the plaintiff, it did not in effect determine the action and prevent a judgment. The case is still pending and undetermined in the district court, and it is possible for the plaintiff to obtain by the final judgment all the relief which he asks or to which he may be entitled. Nor is it within either the *second* or the *third*, for it was neither "made in a special proceeding," nor "upon a summary application after judgment."

This question was under consideration in this court in the case of *Smith v. Sahler*, 1 Neb., 310, where it is held that an order of this description is not final, but interlocutory merely, and insufficient to support a petition in error before final judgment in the action. See also *Mills v. Miller*, 2 Neb., 299, and *Miller v. The B. & M. R. R. Co.*, 7 Neb. 227.

MOTION SUSTAINED.