JOHN EINSPAHR, APPELLEE, V. ALFRED H. SMITH ET AL., APPELLANTS.

FILED OCTOBER 15, 1895.  No. 4995.

1. **Appeal:** FINAL ORDER.   An appeal cannot be prosecuted from the district court to this court until after a final judgment or final order has been entered in the action.

2. **Final Order:** TEMPORARY INJUNCTION: APPEAL.   An order continuing in force during the pleasure of the court a temporary injunction theretofore issued is not final, and is, therefore, not appealable.

3. ———: APPEAL.   *Horn v. Queen*, 5 Neb., 472, distinguished.

APPEAL from the district court of Adams county. Heard below before GASLIN, J.

*Sedgwick & Power*, for appellants.

*Tibbets, Morey & Ferris, contra.*

NORVAL, C. J.

This was an action brought by the appellee in the district court of Adams county to vacate and set aside a certain judgment obtained against him in the county court of York county, and to restrain the levying of an execution issued upon a transcript of said judgment filed in the district court of the first named county.  A temporary injunction was granted at the commencement of the suit restraining the defendant Crane, as sheriff, from levying the execution then in his hands, the defendant Spicer, clerk of

the district court, from issuing another execution upon said judgment, and the other defendants from transferring, or assigning, or attempting to enforce, said judgment. Issues were joined by the defendants filing answers to the petition and plaintiff replying to the answers. For our purposes it will be unnecessary to set out copies of the pleadings, or even give the substance thereof. After the hearing, the court entered the following findings and decision upon the journal:

"And now on this 26th day of March, 1891, the same being one of the days of the regular March, 1891, term of said court, this cause came on to be heard, the plaintiff and all of the defendants appearing by counsel. Thereupon this cause comes on for hearing upon the petition of the plaintiff, the answers of the defendants, and the reply of the plaintiff. A jury being waived, the issues being joined, testimony was thereupon introduced, and the court, after hearing said testimony, and after consideration of the case, and being fully advised in the premises, finds that the plaintiff never signed the note upon which the judgment in controversy was rendered; that at the time the summons was served upon this plaintiff in the action in which said judgment was obtained, plaintiff was seriously afflicted with dropsy and heart disease and was in danger and expectation of immediate death, and was thereby incapacitated from giving attention to said action. It is therefore ordered, adjudged, and decreed by the court that, pending further consideration of this case by the court, and pending further proceedings therein, the temporary injunction heretofore granted in this action be continued until otherwise ordered by this court."

It is from the foregoing order that the defendants appeal. We do not regard the order appealable. Under our statute neither the decision of the district court, nor the finding made by it, can be reviewed until there has been rendered a judgment or final order in the case. (*Seven Valleys Bank v.*

*Smith,* 43 Neb., 237, and cases there cited; *Johnson v. Parrotte,* 46 Neb., 51.) Section 581 of the Code defines a final order as follows: "An order affecting a substantial right in an action when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title." It is obvious that the effect of the order sought to be reviewed is not to determine the action and prevent a judgment, nor was it made in a special proceeding, nor in a summary application after judgment; therefore the order continuing the temporary injunction in force for an indefinite time is not a final order within any of the statutory definitions of that term, and is not appealable. True, the district court has made findings of fact in the case, and it may have been the intention of the trial judge to render a final decree thereon, but there was a total failure so to do. There is nothing to prevent the court below from dissolving the injunction or to make it perpetual. Had the district court perpetually enjoined the judgment upon which the execution was issued, such decree would be a final judgment and reviewable on appeal (*Rickards v. Coon,* 13 Neb., 419); but such is not this case. The order complained of is interlocutory merely, and not appealable under the provisions of our statute. The court below has not as yet vacated the judgment upon which the execution issued, nor perpetually restrained the collection thereof. No disposition of the cause upon the merits has been made, but the suit, so far as this record discloses, is still pending in the court below. The conclusion reached does not conflict with *Horn v. Queen,* 5 Neb., 472, since the record in that case shows that a final judgment was entered in the district court setting aside a judgment and granting the plaintiff a new trial in an action before a justice of the peace, although the journal entry of the judg-

ment appealed from was not very formal. Here there has been no final disposition of the case by the district court or final judgment entered therein. The appeal is therefore dismissed.

APPEAL DISMISSED.