WILLIAM BARTRAM ET AL., APPELLANTS, V. A. J. SHERMAN, APPELLEE.

FILED JANUARY 9, 1896.    NO. 5866.

1. **Final Order:** REVIEW. An order to be final and reviewable on error or appeal must dispose of the merits of the case and leave nothing for the further judicial determination of the court.

2. **Order Dissolving Temporary Injunction:** REVIEW. No provision of the Code makes an order dissolving or modifying a temporary injunction reviewable except in connection with the final judgment rendered in the action of which the temporary injunction is an incident.

APPEAL from the district court of Gage county. Heard below before HASTINGS, J.

*Griggs, Rinaker & Bibb,* for appellants.

*Alfred Hazlett* and *Fulton Jack, contra.*

RAGAN, C.

William Bartram and Abbie Smith brought this suit in equity against A. J. Sherman, a road overseer, in the district court of Gage county. The object of the action was to enjoin the road overseer from tearing down certain fences and hedges which the plaintiffs alleged stood upon their land, and which they alleged the road overseer was threatening and about to tear down claiming they obstructed a public highway. The prayer of the petition of

the plaintiffs below was for a temporary order of injunction against the road overseer restraining him from interfering with the hedges and fences pending the hearing of the case, and that on a final hearing such injunction might be made perpetual. An answer and reply were filed and the case heard on oral evidence. It would seem from the record, though such fact does not affirmatively appear, that a temporary order of injunction was granted on the filing of the petition. After hearing the case the district court entered a decree as follows: "It is therefore considered by the court that the injunction heretofore granted in this cause be and the same is hereby dismissed." The plaintiffs below have appealed. This decree of the district court is not such a final order or judgment as disposes of the merits of the case and invests this court with jurisdiction to review it. By the decree of the district court the action brought by the appellants was not dismissed, but only the temporary order of injunction granted on the filing of the petition was dissolved.

By sections 679, 680, and 681 of the Code of Civil Procedure it is provided, in effect, that if a temporary order of injunction be dissolved or modified, it may still be kept in force by the party applying therefor on his giving a supersedeas bond for that purpose until the case is heard and finally determined. But no provision of the Code makes the order of a district court dissolving or modifying a temporary order of injunction reviewable except in connection with the final judgment rendered in the action of which the temporary injunction is an incident. In *Scofield v. State Nat. Bank of Lincoln*, 8 Neb., 16, it was held: "An order of a judge of a district court dissolving a temporary injunction is not final, but interlocutory merely, and insufficient to support a petition in error before final judgment in the action." In *Smith v. Sahler*, 1 Neb., 310, it was held: "An order to be final and subject to review in an appellate court upon appeal or petition in error must dispose of the

whole merits of the case and leave nothing for the further judicial determination of the court." In *Browne v. Edwards & McCullough Lumber Co.*, 44 Neb., 361, the decree was as follows: "The court, being fully advised in the premises, does sustain said motion, and said injunction is hereby vacated and dismissed." HARRISON, J., said: "There is nothing contained in the entry which can in the least be construed as alluding to the main case, or as an attempt to dispose of it in any manner or to any degree, * * * and we conclude, so far as the record discloses, there was and has been no final disposition of the case in which the temporary injunction was granted." We cannot entertain this appeal, because no final decree has been entered by the district court disposing of the main case on its merits, and because the decree of the district court dissolving or modifying the temporary order of injunction is not reviewable. The appeal, therefore, must be, and is, dismissed.

APPEAL DISMISSED.