JOSEPH P. MANNING V. WILLIAM J. CONNELL ET AL.

FILED FEBRUARY 4, 1896.    No. 6069.

**Temporary Injunction:** FINAL ORDER: REVIEW. The orders sought to be reviewed upon petition in error, being only for the dissolution of a temporary restraining order, and in denial of a temporary injunction, it is *held* that neither of these is a final order, and this proceeding is therefore dismissed. Following *Bartram v. Sherman*, 46 Neb., 713.

ERROR from the district court of Douglas county.   Tried below before OGDEN, J.

*David Van Etten*, for plaintiff in error.

*Connell & Ives*, contra.

RYAN, C.

In the district court of Douglas county plaintiff obtained the following temporary restraining order: " Upon reading the petition of plaintiff in the foregoing action, duly verified, and for good cause shown, it is ordered that the application of the plaintiff, Joseph P. Manning, for an order of injunction as prayed in said action be, and the same is hereby, set for hearing on Saturday, the 21st day of January, 1893, at 10 o'clock in the forenoon of that day, or as soon thereafter as the same can be heard, at court room No. 1 at the court house in the said county of Douglas, and that notice of the hearing of this order be given to defendant by Thursday, January 19, 1893; and it is hereby further ordered by the court that a restraining order be, and the same is hereby, allowed, restraining and enjoining the said defendants, and their

agents, servants, employes, and representatives, as prayed in said petition, to be and continue in full force and effect until the hearing and final determination of the application of said plaintiff for said order of injunction herein, and until the further order of court in that regard, upon plaintiff executing an undertaking in the sum of $500 as required by law." On hearing for the purposes in the above order indicated, the temporary restraining order was vacated and the temporary injunction prayed was refused and denied. By petition in error plaintiff seeks to have the above reviewed as final orders. The quotation of the entire restraining order, supplemented by a full description of the orders sought to be reviewed, shows that this case falls within the rule announced and enforced in *Bartram v. Sherman*, 46 Neb., 713. For the reason that, as indicated, the orders sought to be reviewed are not final, this proceeding is

DISMISSED.