JENS C. MENG, APPELLANT, v. CHARLES F. COFFEE ET AL., APPELLEES.

FILED JUNE 15, 1897.    No. 7323.

Review: TEMPORARY INJUNCTION: DISSOLUTION: FINAL ORDER.    An order dissolving a temporary injunction, and which does not determine or make some final disposition of the case in which the injunction was issued, is not final, and is not alone, or until after a final judgment in the action, reviewable on error or appeal to this court.

APPEAL from the district court of Sioux county.    Heard below before BARTOW, J.    *Appeal dismissed.*

*Chambers Kellar* and *H. T. Conley,* for appellant.

*D. B. Jenckes, contra.*

HARRISON, J.

The appellant herein commenced this action in the district court of Sioux county to secure an injunction by which the appellees would be restrained from appropriating and using the waters of Hat creek for irrigation, and thereby, it was alleged, depriving him of his rights in and to the use and enjoyment of such waters. A temporary injunction was granted, answers were filed, issues joined, and the case was heard. The trial judge filed "Special findings of law and facts," and made the following order: "The order of the court is that as to the defendants Coffee, Brewster, Wilcox, and Steele this injunction is hereby dissolved." The plaintiffs in the district court have appealed. No other or further order or decree appears in the record presented here than the one we have hereinbefore quoted. It did no more than dissolve the temporary injunction, and was not a final order from which an appeal will lie. The record does not disclose that there has been a dismissal or final disposition of the case. There is nothing in this record to negative a conclusion that the case is still pending in the trial court. In the opinion in the case of *School District v. Brown*, 10 Neb., 440, an action to obtain an injunction, an order very similar to the one in the case at bar was made, and of it LAKE, J., speaking for the court, said: "To show that the order in question is not ＊ ＊ ＊ final, we need but quote it entire. It is in these words: 'It is therefore considered and adjudged that the injunction heretofore granted in this action be, and the same is hereby, dissolved.' This is the whole of it, and for aught that is shown the action is pending and still undetermined in the district court. The relief sought by the final judgment, as before stated, is an order of injunction, and, until the dismissal of the action, it is not beyond the power of that court to grant it, nor is there any question for this court to decide." (See, also, to the same effect, *Scofield v. State Nat. Bank of Lincoln*, 8 Neb., 16; *Bartram v. Sherman*, 46 Neb., 713;

*Browne v. Edwards & McCullough Lumber Co.*, 44 Neb., 361.) This appeal must be dismissed, because the order made was not a final one and not appealable, and there has been, so far as we are informed by the record, no final disposition of the case in the district court.

APPEAL DISMISSED.