WILLIAM H. GREEN, APPELLANT, v. ISABELLA E. MORSE ET AL., APPELLEES.

FILED FEBRUARY 23, 1899. No. 10501.

Appealable Order: FIXING SUPERSEDEAS BOND. An appeal will not lie from an order fixing the amount of a supersedeas bond in an application for, and in response to which there has been allowed, a writ of assistance to gain possession of real property purchased at judicial sale.

APPEAL from the district court of Douglas county. Heard below before FAWCETT, J. *Appeal dismissed.*

*George E. Pritchett*, for appellant.

*Wright & Thomas, contra.*

HARRISON, C. J.

In an action of foreclosure of a real estate mortgage, in which a decree of foreclosure was rendered and a sale of the property involved made thereunder, the appellant became the purchaser of said property, and after confirmation of the sale a deed of the property was executed and delivered to him, which, it appears, he exhibited to Isabella E. Morse, who was in possession of the premises, and demanded of her the surrender of possession, which she refused. Appellant then made application to the district court wherein the foreclosure suit had been conducted for a writ of assistance to put him in possession of the property. After a hearing the writ was granted, but at the same time the court fixed the amount of a supersedeas bond. The party on whose application the order for the issuance for the writ was made has appealed to this court and asks that the order be modified by omission therefrom of the portion in which the supersedeas bond was fixed, and as thus modified the order be affirmed.

It is not questioned herein that an appeal will lie from an order which grants or refuses a writ of assistance. The appellant has recognized the appealability of such an order. By this appeal he complains not of the entire order, but of the portion by which there was fixed a bond and countenanced a supersedeas of the order for the writ. If it be conceded—and we do not decide it—that there may be an appeal from such an order, the further question arises, might the party against whom the order was directed, or against whom the writ of assistance was obtained, in an appeal from the order be allowed the benefit of a supersedeas? It is provided in section 677 of the Code of Civil Procedure: "No appeal in any case in equity, now pending and undetermined, or which shall hereafter be brought, shall operate as a supersedeas, unless the appellant or appellants shall, within twenty days next after the rendition of such judgment, or decree, or

the making of such final order, execute to the adverse party a bond with one or more sureties as follows: * * * Third—When the judgment, decree, or order directs the sale or delivery of possession of real estate, the bond shall be in such sum as the court, or judge thereof in vacation, shall prescribe." The order for the writ of assistance was in effect for a delivery of the real estate to be described therein to the appellant, and would seem to be just such an order as is mentioned in the portion of the Code which we have quoted; but it may be further said that if it was not directly within a provision of the Code, the court might in its discretion allow a supersedeas. (*Home Fire Ins. Co. v. Dutcher*, 48 Neb. 755.)

This appeal was in effect or in fact from the order allowing or fixing the supersedeas. The supersedeas would not deprive the appellant of his writ of assistance; it would but delay its operation; hence the order did not affect a substantial right within the meaning of section 581 of the Code of Civil Procedure, by which section a final order is defined. It follows that the appeal must be

DISMISSED.