KEMPER, HUNDLEY & McDONALD DRY GOODS COMPANY, APPELLEE, V. F. D. RENSHAW & COMPANY ET AL., APPELLANTS.

| 59 | 513 |
| 158 | 515 |

FILED MAY 3, 1899.   No. 8872.

1. Time to Assail Petition. That a petition does not state a cause of action may be raised at any stage of the proceedings, even in this court in an appeal.

2. Cancellation of Instruments: ALLEGATIONS OF FRAUD. In a petition in the nature of a creditors' bill to annul a conveyance or mortgage as fraudulent the facts of the asserted fraud must be specifically stated; general allegations thereof are not sufficient.

APPEAL from the district court of Johnson county. Heard below before LETTON, J. Reversed and dismissed.

M. B. C. True and Isham Reavis, for appellants.

T. Appelget and Ben Phillips, contra.

HARRISON, C. J.

In this action a petition in the nature of a creditors' bill was filed in the district court of Johnson county, the expressed purpose being to secure a decree by which a chattel mortgage of a stock of merchandise, some store fixtures and furniture should be declared void and the petitioner allowed to subject the property to the payment of an asserted debt or claim against the mortgagor. To the petition there was interposed a general demurrer, which on hearing was overruled. After issues were joined there was a trial, which resulted in a decree for the petitioner. In the appeal to this court there is presented the question of the sufficiency of the petition.

37

The objection that a petition does not state a cause of action is available at any stage of the proceedings in a cause, and this is as applicable to a petition of the nature of the one in the case at bar as any other, and the right exists during an appeal. It is true this court has decided that an appeal from a judgment sustaining a demurrer to a petition on the ground of a misjoinder of causes of action does not lie to the supreme court. The remedy is by petition in error. To this LAKE, then O. J., dissented. (See *Stewart v. Carter*, 4 Neb. 564.) But it has also been decided that where a general demurrer to a petition in a suit in equity is sustained in the district court, the cause may be taken by appeal to the supreme court and the matter of demurrer heard. (*Arnold v. Baker*, 6 Neb. 134.) In the case at bar the appeal is from the judgment and presents the case for hearing in this court on the pleadings and proofs. (*National Life Ins. Co. v. Martin*, 57 Neb. 350.) That the petition does not state a cause of action, if true, is a quality of the pleading which is inherent and is with and of it in any and all of the proceedings and the question may be raised at any time and in an appeal to this court. (*Thomas v. Franklin*, 42 Neb. 310; *Sage v. City of Plattsmouth*, 48 Neb. 558.) In regard to pleadings in actions similar to the one at bar it has been established by this court: "In an action to avoid a conveyance or mortgage for fraud the facts constituting the fraud must be specifically pleaded; a general allegation of fraud is insufficient." (*Rockford Watch Co. v. Manifold*, 36 Neb. 801.) In the petition in this suit the only allegation relative to the asserted debt of the appellee was of a judgment obtained thereon at a stated date subsequent to the execution and filing of the mortgage which it was sought to have declared void. There was no allegation that the mortgagor had no other property and sufficient to satisfy all his debts, if any existed at that time. There were no statements of the time when appellee became a creditor of the mortgagor, whether prior or subsequent to the date of the mortgage, and if

subsequent, that the instrument was executed with a fraudulent purpose as to subsequent creditors. The allegations of fraud were but general. For rules applicable and within which the pleading must be adjudged insufficient see: *Leasure v. Forquer*, 41 Pac. Rep. [Ore.] 665; *Petree v. Brotherton*, 32 N. E. Rep. [Ind.] 300; *Winstandley v. Stipp*, 32 N. E. Rep. [Ind.] 302; *Burton v. Platter*, 53 Fed. Rep. 901; *Horbach v. Hill*, 5 Sup. Ct. Rep. 81. The judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.