GUARANTY FUND COMMISSION, APPELLANT, V. FRED TEICHMEIER ET AL., APPELLEES.

FILED FEBRUARY 14, 1930. No. 26870.

*H. G. Wellensiek* and *Perry, Van Pelt & Marti,* for appellant.

*T. T. Bell, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson, Eberly and Day, JJ.

Day, J.

This is an action in equity brought by the guaranty fund commission of the state of Nebraska to restrain the sale of property of the Farmers State Bank of Boelus, Nebraska, under an execution issued on a judgment rendered in favor of the defendant Teichmeier against said bank. From an adverse judgment, plaintiff appeals to this court.

There is no dispute as to the material facts in this case, and the record justifies the findings of fact of the trial judge, which are hereinafter set out in substance, since they so well explain the issues involved in this case. The court found that on October 26, 1926, Fred Teichmeier recovered a money judgment against the Farmers State Bank of Boelus, Nebraska, which was at that time a banking corporation, doing business at Boelus, in the state of Nebraska; thereafter, within the time provided by law, an appeal to the supreme court of the state of Nebraska was duly perfected by said bank and a supersedeas bond given; that thereafter such proceedings were had in said supreme court that said judgment was in all things affirmed, and a mandate was issued to the district court for Howard county, commanding said court to enforce said judgment; that said mandate was entered in the district court on March 26, 1928; that during the pendency of said appeal, to wit, on the 13th day of July, 1927, said Boelus bank was taken over by the department of trade and commerce of the state of Nebraska, and an agent of the state placed in charge thereof, all in accordance with section 7989, Comp. St. 1922; that said agent at all times since said 13th day of July, 1927, has been and is now in possession of said bank and its assets, as agent of the guaranty fund commission of the state of Nebraska; that on April 13, 1928, an execution,

issued out of the district court for Howard county, Nebraska, was placed in the hands of the sheriff of said county, and by him levied upon some real estate, the same being the banking house of said Farmers State Bank, and at the time of the bringing of the suit said sheriff was about to sell said real estate to satisfy said judgment. The court further found that more than a reasonable time had expired from the date the said bank was taken over by the guaranty fund commission to the date of the levy of the execution, to enable the guaranty fund commission to determine whether the bank should be turned back to the bank's officers or closed.

The court further found as a matter of law: "That upon the entry of the judgment against said bank on October 26, 1926, the defendants acquired a lien upon all the real estate of the Farmers State Bank of Boelus, Nebraska, in the county of Howard; that upon the perfecting of an appeal in the supreme court and giving of a supersedeas bond, said lien was suspended, but was not vacated; that, during all the time of the pendency of said cause in said supreme court, the defendants had a subsisting lien upon all of the real estate of said bank in Howard county, Nebraska, and now has such a lien; that any rights acquired in said real estate by any person or corporation, including the creditors of said bank and the department of trade and commerce of the state of Nebraska and its agents in charge during the pendency of said appeal, are subject and inferior to the defendants' said lien; that while said real estate is in the possession of the agent of the department of trade and commerce, under the provisions of said section 7989 of the 1922 Compiled Statutes of Nebraska, the defendants should not be permitted to sell said real estate."

In conformance to the above findings of fact and law, the court decreed that the defendant had a valid lien upon the real estate of the bank, situate in Howard county, Nebraska, superior to the rights of creditors of said bank; "that the temporary injunction heretofore issued herein restraining the sale of the banking house upon execution

to satisfy said judgment be continued until such time as the department of trade and commerce shall turn said bank and its assets over to its officers and directors;" that a permanent injunction is denied. From this decree both parties appeal.

The first question presented in this case is whether a judgment entered in an equity action from which an appeal is taken and a supersedeas bond given, which case under the statutes is to be tried *de novo,* continues as a lien against the judgment debtor's property. The rule is well settled in this state that a judgment rendered against a state bank while in the hands of the guaranty fund commission is not a lien against the real estate of said bank, and execution cannot be issued on said judgment. *Brownell v. Svoboda,* 118 Neb. 76. Therefore, if in this case the judgment does not attach to the land as a lien prior to the taking over of the bank by the guaranty fund commission, it is not superior to the statutory lien created thereby. However, the judgment having been rendered on October 26, 1926, the lien attached to the real estate of the bank prior to the taking over by the guaranty fund commission, unless the filing of a supersedeas bond and an appeal in an equity action vacates said judgment. The plaintiff cites the case of *Riley Bros. Co. v. Melia,* 3 Neb. (Unof.) 666, to support its contention. We are of the opinion that that case does not sustain such a theory. It is said in that case: "The perfecting of an appeal to this court from a decree of the district court in a suit in equity, together with the filing and approval of a supersedeas bond, operates to suspend such decree, and the case is thereupon pending here for trial *de novo.*" In the above case, the judgment had been recovered and upon appeal vacated by reversal of the action by the court, and the question involved was whether or not the decree that was entered by stipulation was in fact the decree of this court.

In so far as the language of *Riley Bros. Co. v. Melia, supra,* seems to hold that the filing of a supersedeas vacates the judgment of the trial court, which is afterwards affirmed

by this court, it is expressly overruled. We are of the opinion, however, that the above case was correctly disposed of and that the disposition was not in conflict with this opinion.

The only other cases cited to support this contention are cases involving an appeal from the county or justice courts to the district court. A trial *de novo* in this court means that the case will be tried upon the same pleadings and evidence upon which it was tried in the district court. There is a distinction between appeals from the county and justice courts to the district court and appeals from the district court to the supreme court. The former are governed by section 9406, Comp. St. 1922, which provides that the parties "shall proceed, in all respects, in the same manner as though the action had been originally instituted in this court." In *Oliver v. Lansing*, 57 Neb. 352, this court said: "When a judgment of the district court is reversed in an appellate proceeding it ceases, from the date of the reversal, to be a lien on the lands of the judgment debtor." And it is further said therein: "A person who purchases real estate burdened with the lien of a judgment will hold it discharged of such lien in case the judgment be afterwards reversed." The general rule is that the effect of a supersedeas bond is to suspend proceedings and preserve the *status quo* pending the determination of the appeal. It suspends all further proceedings on the judgment or decree appealed from, but does not, like a reversal of the judgment by this court, annul the judgment itself. If the case is affirmed, it is a lien, and if the case is reversed, it is not a lien. Under section 8986, Comp. St. 1922, as amended by chapter 59, Laws 1927, this judgment was at least a lien upon the lands and tenements of the bank located in Howard county from the date of its entry.

The second proposition for our consideration is whether or not section 8033, Comp. St. 1922, as amended by section 12, ch. 30, Laws 1925, gives depositors a first lien against the assets of the failed bank at the time of its closing as against the lien of a judgment creditor, which judgment

was secured prior to the taking over of the bank by the guaranty fund commission. This statute, so far as applicable to this case, reads as follows: "The claims of depositors, for deposits, not otherwise secured, and claims of holders of exchange, shall have priority over all other claims, except federal, state, county and municipal taxes, and subject to such taxes, shall at the time of the closing of a bank be a first lien on all the assets of the banking corporation from which they are due and thus under receivership, including the liability of stockholders, and, upon proof thereof, they shall be paid immediately out of the available cash in the hands of the receiver." We are unanimously of the opinion that it is clearly apparent that the legislature intended to give the claims of depositors and holders of exchange priority over all other claims and to fix them as a lien against the assets of the bank. It provides a statutory lien that attaches to the assets of the bank upon the taking over of the bank by the department of trade and commerce and the guaranty fund commission. The lien so acquired dates from the taking over, which in this case was July 13, 1927, and subsequent to the attaching of the judgment lien on October 26, 1926. Under this provision the guaranty fund commission act fixes a lien upon the assets of the bank for the depositors and holders of exchange upon the assets of the bank at the time of such taking over. We have held that the receiver of an insolvent bank takes and holds the assets, as to liens, rights, and liabilities, as they exist at the time of his appointment. *State v. Farmers & Merchants Bank,* 114 Neb. 378. The statutory lien provided for herein, therefore, attaches to the assets of the bank and the assets of the bank are limited to its interest in the property. Its interest in real estate is decreased by the amount of the valid subsisting liens upon the property. A mortgage upon its property given while a going concern limits the bank's interest in the real estate. It could not be said that the guaranty fund commission would take the property free of the lien of such a mortgage. Neither could it be said that a bank, while a going concern, which built a building

to be used as a banking house, could be taken over free of the liens of mechanics and material-men. Nor, if a bank, while a going concern, borrowed money upon a pledge of security, could the guaranty fund commission recover the security free of the lien created by such pledge. Yet all of these things would be true if we followed logically the reasoning of the plaintiff in this case. The department of trade and commerce and the guaranty fund commission took the assets of the Farmers State Bank of Boelus and impressed them with a lien for the benefit of depositors and holders of exchange, subject to and junior to the valid subsisting liens against said assets. The judgment of the defendants was, as the trial court properly held, such a lien.

The question presented to this court by the cross-appeal of plaintiff is whether the trial court should have decreed "that the temporary injunction heretofore issued herein restraining the sale of the banking house upon execution to satisfy said judgment be continued until such time as the department of trade and commerce shall turn said bank and its assets over to its officers and directors." This order was entered by the trial judge, on the theory that, while the real estate was in the possession of the department of trade and commerce and the guaranty fund commission, under the provisions of section 7989, Comp. St. 1922, the defendants should not be allowed to sell the property. It is elementary that in order to entitle one to appeal there must have been a final order or judgment rendered in the cause. This court has without exception held to this rule. Is the above order final? In *Huffman v. Rhodes,* 72 Neb. 57, this court said: "An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. In such a case, the order is interlocutory. When no further action of the court is required to dispose of the cause pending, the order becomes final and from which an appeal or proceedings in error will lie." In *Einspahr v. Smith,* 46 Neb. 138, this court said: "An order continuing in force during the pleasure of the court a temporary injunction theretofore

issued is not final, and is therefore, not appealable." The order complained of in this case is such an order continuing the temporary injunction during the pleasure of the court or upon the happening of a contingency. We cannot determine from the record whether or not this contingency has occurred. For aught the record discloses, this bank may have been returned to its officers or directors. It is an order continuing in force until a future changed condition or during the pleasure of the court, and is therefore not appealable. It leaves matters for further judicial determination of the trial court, and is therefore not a final order from which an appeal may be taken.

We have carefully examined the assignments of error and the record in this case; we find no reversible error, and the judgment of the trial court is therefore in all respects

AFFIRMED.