MARIAN ABRAMSON, APPELLANT, V. FRANK W. BEMIS, AS ASSESSOR OF DOUGLAS COUNTY, NEBRASKA, ET AL., APPELLEES.

266 N. W. 2d 226

Filed May 31, 1978. No. 41562.

David L. Herzog, for appellant.

Donald L. Knowles, Douglas County Attorney, H. L. Wendt, and John Q. Powers, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an action by a taxpayer and owner of real estate in Douglas County, Nebraska, against Frank W. Bemis, the assessor of Douglas County, and the county commissioners of Douglas County, who are the board of equalization. The purpose of the action was to enjoin the implementation of certain valuation increases of real property in precinct No. 40, in which the plaintiff's property is located. Pending trial on the merits, the court entered a "restraining order" barring implementation of the valuation increases.

On June 1, 1977, the court granted a motion of the defendants to dismiss the action because of alleged mootness. The transcript indicates that the board of equalization "rolled back" the valuations complained of. There was no hearing on the merits of the petition.

The only bill of exceptions before us is that containing the evidence presented in connection with the granting of the "restraining order." Whatever evidence, if any, was introduced to support the mootness claim is not before us.

Both parties in their briefs argue the merits of the alleged cause of action and procedural issues. At least two reasons exist which prevent this court from considering the issues raised and argued. The dismissal had the effect of dissolving the restraining order. Dissolution of a restraining order is not a final order within the meaning of section 25-1902, R. R. S. 1943. Manning v. Connell, 47 Neb. 83, 66 N. W. 17; Young v. City of Albion, 77 Neb. 678, 110 N. W. 706.

The trial court has not passed on the merits of the cause so we cannot do so on appeal. The only final orders in this case are the dismissal for mootness and the overruling of the motion for new trial. In the absence of a bill of exceptions, we must assume that a factual foundation exists which supports the dismissal for mootness. In the absence of a bill of exceptions, it will be presumed that issues of fact presented by the pleadings were established by the evidence, that they were correctly decided, and in such situations the only issue that will be considered on appeal to this court is sufficiency of the pleadings to support the judgment. Goger v. Voecks, 156 Neb. 696, 57 N. W. 2d 621.

AFFIRMED.