EVELYN A. O'CONNOR, APPELLEE, V. DAVID A. KAUFMAN AND VIRGINIA L. KAUFMAN, APPELLANTS.

574 N.W. 2d 513

Filed January 13, 1998.    No. A-97-860.

John P. Weis, of Sorensen & Zimmerman, P.C., for appellants.

James Duffy O'Connor, of Maslon, Edelman, Borman & Brand, L.L.P., and Steven C. Smith, of Van Steenberg, Chaloupka, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellee.

HANNON, SIEVERS, and INBODY, Judges.

SIEVERS, Judge.

Our practice is to closely examine all cases in their initial stages to ensure that jurisdiction has been perfected. Our objective is to quickly terminate appeals when we lack jurisdiction to conserve judicial resources and avoid litigation expenses for the parties, which otherwise would be to no avail. Because neither the Nebraska Supreme Court nor this court has directly discussed the particular jurisdictional question which arises in this case, we believe that a published opinion explaining our decision is in order, rather than merely summarily dismissing this appeal as we usually do when jurisdiction is lacking. We have previously requested that the parties brief the issue of jurisdiction.

## PROCEDURAL BACKGROUND

Evelyn A. O'Connor has filed suit against David A. Kaufman and Virginia L. Kaufman, husband and wife, to obtain (1) an implied easement on the Kaufmans' land for the use of a well, pump, and pipeline to supply water to O'Connor's land; (2) an injunction compelling the Kaufmans to reinstall the well, pump, and pipeline and permanently restraining the Kaufmans from interfering with the use of the well; and (3) damages in the amount of $12,811.73 and costs. Until January 2, 1965, William Ledingham, Jr., owned and farmed the land now belonging to O'Connor and the Kaufmans. Ledingham maintained a home on the parcel now owned by O'Connor. The well, pump, and pipeline in question were built by Ledingham over 40 years ago on the parcel now owned by the Kaufmans in order to furnish domestic water to his home located on what is now O'Connor's land.

Ledingham thereafter conveyed all the land to Ledingham, Inc., and upon his death, Ledingham, Inc., conveyed the land to his two children. The O'Connor parcel was conveyed to Ledingham's son, Jerry Ledingham, O'Connor's now deceased husband, and the Kaufman parcel was conveyed to William Ledingham's daughter, Sandra Carnesecca. This parcel passed from Carnesecca through a series of owners and, finally, to the Kaufmans by sheriff's deed. In September 1991, while no one was living in the house on the O'Connor parcel, the Kaufmans removed the well, pump, and pipeline from this land which served the O'Connor parcel and began farming the land where these things were formerly located. After the well was removed, O'Connor attempted to drill three wells on her parcel in order to supply water to the house on that land, giving rise at least in part to her claim for damages.

O'Connor's original petition alleged only a prescriptive right to the use of water from the well on the Kaufman parcel. The court granted O'Connor leave to amend her petition due to an error in the legal description of her property. In her amended petition, O'Connor added a claim based upon the existence of an implied easement. The Kaufmans answered the amended petition and filed a motion for summary judgment, which was granted. O'Connor appealed, and the Nebraska Supreme Court held that there was a genuine issue of material fact as to whether an implied easement for use of the well, pump, and pipeline was created at the time of the conveyances subdividing the property, and reversed, and remanded the matter for further proceedings. See *O'Connor v. Kaufman*, 250 Neb. 419, 550 N.W.2d 902 (1996).

Upon remand, O'Connor filed a second amended petition, requesting damages in addition to the other relief listed in her earlier petitions. O'Connor then filed a motion for partial summary judgment, requesting that judgment be given to her on the issue of an implied easement, on the request for reinstatement of the well, and on the request for a permanent injunction from further interference with her use of the well. The district court granted O'Connor's motion for summary judgment, giving O'Connor the judgment of an easement, ordering and enjoining the Kaufmans to reinstate the well, and permanently enjoining

the Kaufmans from interfering with O'Connor's easement. The court noted in its order that it was leaving the issue of damages for trial. The Kaufmans have appealed the district court order.

## ANALYSIS

We have asked the parties to brief the issue of jurisdiction. In their brief, the Kaufmans contend that the order of the district court, requiring the Kaufmans to reinstate the well, pump, and pipeline in addition to enjoining them from further interference, affects a substantial right and that there would be no point in awaiting an appeal until after the damages portion of the lawsuit has been completed, because the expense of reinstating the well would already have to be incurred in order to avoid a contempt proceeding for failure to comply with the injunctive order.

The Supreme Court has held that Neb. Rev. Stat. § 25-1902 (Reissue 1995) provides for three types of appealable, final orders and that a requirement for each of the three types is that a substantial right be affected by the order. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). The three types are (1) an order which affects a substantial right and which determines the action or prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *Jarrett v. Eichler, supra.* That the injunction issued by the district court affected substantial rights of the Kaufmans is quite clear. The next determination we must make, however, is whether the injunction can be a final order. Because this proceeding does not involve an application after judgment, the injunction can be a final order (1) only if it is an order that determines the action or (2) if it is an order in a special proceeding.

### Is Injunction Special Proceeding?

The Kaufmans maintain that this action is a special proceeding that affects their substantial rights and that the order is therefore appealable even if there is no order effectually determining the action or preventing judgment. If this action is a special proceeding, the defendants are correct. See *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

In *In re Interest of R.G.*, 238 Neb. at 412-13, 470 N.W.2d at 787, the Supreme Court quoted with approval the following analysis from *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953) (Boslaugh, J., concurring):

"Any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the code and ending in a final judgment is an action. Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding. A special proceeding within the meaning of the statute defining a final order must be one that is not an action and is not and cannot be legally a step in an action as a part of it. . . . A special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action are [sic] made—as for instance garnishment or attachment—but it is not an integral part of or a step in the action or as it is sometimes referred to in such a situation a part of the 'main case.' The distinction between an action and a special proceeding has been clearly recognized by this court. In Turpin v. Coates, 12 Neb. 321, 11 N.W. 300, it is said: 'A special proceeding may be said to include every special statutory remedy which is not in itself an action.' "

A special proceeding, although not statutorily defined, has long been construed to mean every civil statutory remedy which is not encompassed in chapter 25 of the Nebraska Revised Statutes. *In re Interest of R.G., supra.* If a party seeking an injunction does not seek damages in the same action, the right to damages is waived. *Wischmann v. Raikes*, 168 Neb. 728, 97 N.W.2d 551 (1959). Neb. Rev. Stat. § 25-1062 (Reissue 1995) states: "The injunction provided by this code is a command to refrain from a particular act. It may be the final judgment in an action or may be allowed as a provisional remedy . . . ." The injunction appealed from in the case at hand is final by its terms. A temporary injunction is not appealable. See, *Guaranty Fund Commission v. Teichmeier*, 119 Neb. 387, 229

N.W. 121 (1930); *Buda v. Humble*, 2 Neb. App. 872, 517 N.W.2d 622 (1994). As injunctions are provided for in chapter 25, i.e., Neb. Rev. Stat. § 25-1062 et seq. (Reissue 1995), a suit for an injunction is an action and is not a special proceeding, but this action also seeks damages.

### Does Bifurcated Determination on Injunction Determine Action?

The Nebraska Supreme Court has long held that the right of appeal is purely statutory and that unless the order appealed from is a final order, an appellate court cannot hear the case. *Clarke v. Nebraska Nat. Bank*, 49 Neb. 800, 69 N.W. 104 (1896) (if substantial rights of parties are determined, matter is appealable even though cause is retained for determination of matters incidental thereto). See *Standard Fed. Sav. Bank v. State Farm*, 248 Neb. 552, 537 N.W.2d 333 (1995) (declaratory judgment entered but court held that such did not determine entire action and that substantial right remained to be determined as damages had not been decided and, therefore, entry of declaratory judgment was not final, appealable order).

A permanent injunction has long been recognized as a final order. *Rickards v. Coon*, 13 Neb. 419, 14 N.W. 162 (1882); *Galstan v. School Dist. of Omaha*, 177 Neb. 319, 128 N.W.2d 790 (1964), *overruled on other grounds, School Dist. of Waterloo v. Hutchinson*, 244 Neb. 665, 508 N.W.2d 832 (1993). A temporary injunction is not an appealable order, *Einspahr v. Smith*, 46 Neb. 138, 64 N.W. 698 (1895), even if the effect of the temporary injunction is to prohibit a matter from being submitted to the voters at the first regular election, see *Barkley v. Pool*, 102 Neb. 799, 169 N.W. 730 (1918). An order dissolving a temporary restraining order is not a final order. *Abramson v. Bemis*, 201 Neb. 97, 266 N.W.2d 226 (1978); *Horst v. Board of Supervisors of Dodge County*, 5 Neb. (Unoff.) 410, 98 N.W. 822 (1904). However, the Nebraska Supreme Court has not directly considered the question of whether an injunction issued in a bifurcated case is a final order when the issue of damages has not been determined.

The Nebraska Supreme Court has, however, decided that in cases in which bifurcation leaves to be decided an essential

element of a claim, the decision, prior to a final order on all the essential elements, is not appealable. To be final, an order must ordinarily dispose of the whole merits of the case. *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997). When no further action of the court is required to dispose of a pending cause, the order is final. *Id.* If the cause is retained for further action, the order is interlocutory. *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996). For instance, in *Burke*, the court held that a summary adjudication of liability alone, in which the district court granted the plaintiff's petition for a declaratory judgment to establish his right to health insurance coverage but which did not decide the question of damages, is not appealable.

In *Wicker v. Waldemath*, 238 Neb. 515, 471 N.W.2d 731 (1991), the defendant appealed from a jury verdict that the plaintiff had the right of possession of certain land. The plaintiff had brought a petition in ejection and prayed for a judgment for delivery of possession of the land, for an accounting, for damages for withholding possession, and for costs. After the jury trial, the trial court made a journal entry in which it stated: " 'Court discusses issue of damages and whether to be handled as an accounting (equity) or damages for withholding possession (law). Counsel to contact clients and advise Court on any potential settlement.' " *Id.* at 517, 471 N.W.2d at 732. The record showed that there was no determination of which approach would be followed, and an appeal occurred prior to the determination of either an accounting or damages. The *Wicker* court noted that a plaintiff may seek rents and profits in an ejectment action and that because the appeal was prosecuted before resolution of the issue of rents and profits, the district court did not dispose of the whole merits of the case. Thus, the court concluded, there was no final order which could be appealed.

In *Johnson v. NM Farms Bartlett*, 226 Neb. 680, 414 N.W.2d 256 (1987), Johnson sought injunctive relief and damages because he claimed NM Farms Bartlett discharged diffused surface waters from NM Farms' property onto his land. The parties bifurcated the trial by stipulating that no evidence on damages would be adduced until there was a resolution of

liability. The district court denied Johnson a permanent injunction and determined that he was not entitled to damages. However, the district court resolved a matter not before it because there was a stipulation that no evidence concerning damages would be adduced until after resolution of the question of whether NM Farms had any liability to Johnson. The Supreme Court stated that it could not tell from the record whether the injunction had been denied, because the district court determined NM Farms had no liability to Johnson or for the reason that injunctive relief was inappropriate, which would not preclude the awarding of damages. The *Johnson* court held it could not tell whether there was a final resolution of the damage issue and, hence, whether there was a final order. The appeal was dismissed on that basis, and in making that ruling, the Supreme Court said: "While it may be appropriate under certain circumstances to bifurcate trials, this court acquires no jurisdiction until there has been a judgment or final order in the court from which the appeal is taken. . . . Thus, we dismiss Johnson's appeal for lack of jurisdiction." (Citations omitted.) *Id.* at 688, 414 N.W.2d at 263. The court did not state whether it considered an injunction issue a special proceeding.

We believe that *Johnson* cannot be distinguished from the case at hand. In *Johnson*, the parties stipulated that they would not introduce evidence of damages until the liability issue was determined, but this stipulation had the effect of allowing the court to determine the injunction issue without determining the damage issue. Therefore, both in *Johnson* and in this case, the damage issue was bifurcated from the injunction issue. In both cases, the trial court made what it regarded as a final order on the injunction. In *Johnson,* there was a possibility that the damage issue was not resolved, and that possibility prevented the order from being final and appealable. In this case, the damage issue was clearly not tried. The Nebraska Supreme Court has held that a plaintiff who seeks an injunction and who does not request damages during that action is precluded from seeking damages in a subsequent legal action. *Wischmann v. Raikes*, 168 Neb. 728, 97 N.W.2d 551 (1959). The basis of this decision was that the plaintiff could not split a cause of action, because the right to the two different types of relief, the injunction and dam-

ages, was fundamentally based upon the same facts and was therefore the same cause of action. Under the holding in *Wischmann*, the plaintiff in this action was required to seek both types of relief in one action. But if this court holds that it has jurisdiction over this appeal, then by the combined action of the trial court in bifurcating the issues at trial and of this court in taking jurisdiction of the appeal, the plaintiff will be required to have two trials. This is tantamount to splitting the plaintiff's cause of action.

■ We conclude that in an action for injunctive relief and damages where the matter of liability has been bifurcated from the damages issue and decided, there has not been a final, appealable determination of the action until the district court also determines the damages issue. This appeal is premature, and we lack jurisdiction because of the lack of a final, appealable order.

APPEAL DISMISSED.