ROLAND F. WAITE AND FRANK KREJCI, APPELLANTS, V.
CITY OF OMAHA ET AL., APPELLEES.

641 N.W.2d 351

Filed March 29, 2002.   No. S-01-193.

James D. Sherrets and Michael S. Kennedy, of Sherrets & Boecker, L.L.C., for appellants.

Robert J. Hamer, Deputy City Attorney, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## INTRODUCTION
The issue presented in this case is whether an order denying a temporary injunction and dissolving a temporary restraining order is a final, appealable order. Because it is not, we are without jurisdiction to consider the merits of this appeal.

## BACKGROUND
On January 12, 2001, the plaintiffs, Roland F. Waite and Frank Krejci, filed a petition in the district court seeking a temporary restraining order, a temporary injunction, and a permanent

injunction against the City of Omaha and other city officials to prevent certain ordinances, passed on January 9, from going into effect. The ordinances at issue would close and vacate a street which the plaintiffs claim will impair access to and have the effect of devaluing their commercial property and will deter existing tenants and prospective tenants from renewing and accepting leases at the property. On January 12, the district court entered a temporary restraining order, finding that the plaintiffs had demonstrated that they may suffer irreparable damage by operation of the ordinances and enjoining the City of Omaha from acting upon the ordinances until further order of the court.

On February 1, 2001, the district court entered an order which denied the plaintiffs' request for a temporary injunction and dissolved the temporary restraining order. The district court determined that the plaintiffs had not shown by competent evidence that they were entitled to injunctive relief because the "evidence of Plaintiffs' prospective damage is not such that it can be said that their right is clear, their damage irreparable, and in particular that their remedy at law is inadequate to prevent a failure of justice." The district court further reasoned that the closing of the street could result in only a loss of income or value, which is compensable at law in Nebraska. Therefore, the district court concluded that the plaintiffs had not established every fact necessary to entitle them to injunctive relief and thus were not entitled to a temporary injunction. The district court did not, however, dispose of the plaintiffs' request for a permanent injunction.

The plaintiffs appealed from the district court's February 1, 2001, order. The Nebraska Court of Appeals summarily dismissed the plaintiffs' appeal for lack of jurisdiction on March 13, 2001. We granted the plaintiffs' petition for further review.

## ASSIGNMENT OF ERROR
Summarized, the plaintiffs' petition for further review contends that the Court of Appeals erred in dismissing the appeal for lack of jurisdiction.

## STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law,

which requires the appellate court to reach a conclusion independent of the lower court's decision. *In re Interest of Jaden H., ante* p. 129, 638 N.W.2d 867 (2002).

### ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Saunders County v. City of Lincoln, ante* p. 170, 638 N.W.2d 824 (2002). Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001).

Except in those cases wherein original jurisdiction is specially conferred by Neb. Const. art. V, § 2, the Nebraska Supreme Court exercises appellate jurisdiction, and such appellate jurisdiction can be conferred only in the manner provided by statute. *Nebraska Dept. of Health & Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308 (2001). The two statutes primarily relevant to the issue of appellate jurisdiction are Neb. Rev. Stat. §§ 25-1315(1) (Cum. Supp. 2000) and 25-1902 (Reissue 1995). See, generally, *Keef, supra*. Section 25-1315(1), however, is implicated only where multiple causes of action are presented or multiple parties are involved, and a final judgment is entered as to one of the parties or causes of action. *Keef, supra*. Because those conditions are not present in this case, our jurisdictional inquiry is limited to § 25-1902, which provides that an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. See *Keef, supra*.

The plaintiffs in this case contend that although the district court has yet to rule on their request for a permanent injunction, the order denying a temporary injunction and dismissing the temporary restraining order is nonetheless a final, appealable order. This contention, however, is contrary to over 130 years of law establishing that an order denying or dissolving a temporary injunction or restraining order is not a final order as defined in § 25-1902. See, e.g., *Abramson v. Bemis*, 201 Neb. 97, 266 N.W.2d 226 (1978); *Young v. City of Albion*, 77 Neb. 678, 110

N.W. 706 (1906); *Meng v. Coffee*, 52 Neb. 44, 71 N.W. 975 (1897); *Manning v. Connell*, 47 Neb. 83, 66 N.W. 17 (1896); *Bartram v. Sherman*, 46 Neb. 713, 65 N.W. 789 (1896); *School Dist. No. 15 v. Brown*, 10 Neb. 440, 6 N.W. 770 (1880); *Scofield v. The State National Bank of Lincoln*, 8 Neb. 16 (1878); *Smith v. Sahler*, 1 Neb. 310 (1871); *O'Connor v. Kaufman*, 6 Neb. App. 382, 574 N.W.2d 513 (1998), *aff'd* 255 Neb. 120, 582 N.W.2d 350. See, also, *Guaranty Fund Commission v. Teichmeier*, 119 Neb. 387, 229 N.W. 121 (1930); *Barkley v. Pool*, 102 Neb. 799, 169 N.W. 730 (1918); *Einspahr v. Smith*, 46 Neb. 138, 64 N.W. 698 (1895); *Buda v. Humble*, 2 Neb. App. 872, 517 N.W.2d 622 (1994) (entry or continuance of temporary injunction is not final order).

The plaintiffs rely on *Airport Auth. of Village of Greeley v. Dugan*, 259 Neb. 860, 866, 612 N.W.2d 913, 918 (2000), in which we concluded that "the denial of a temporary injunction in the condemnation proceeding is an order that affects a substantial right and determines the action with regard to the request for equitable relief." In *Airport Auth. of Village of Greeley*, however, the appellant landowners sought both temporary and permanent injunctions to enjoin an airport authority from taking their property pursuant to condemnation proceedings, and the airport authority filed a petition for writ of assistance seeking that the landowners be ordered to give up possession of the condemned property. The district court's order generally denied the landowners' requests for temporary and permanent injunctions and granted the airport authority's petition for writ of assistance. It was from that order that the landowners in *Airport Auth. of Village of Greeley* appealed.

While it is well established that orders relating to temporary injunctions and restraining orders are not final orders, it is equally well established that orders entering or denying permanent injunctions, which leave no issues remaining to be determined by the trial court, are final orders within the meaning of § 25-1902. See, e.g., *Galstan v. School. Dist. of Omaha*, 177 Neb. 319, 128 N.W.2d 790 (1964), *overruled on other grounds*, *School Dist. of Waterloo v. Hutchinson*, 244 Neb. 665, 508 N.W.2d 832 (1993); *Rickards v. Coon*, 13 Neb. 419, 14 N.W. 162 (1882); *O'Connor, supra*; *Buda, supra*. Similarly, an order

granting a writ of assistance, where no other issues remain to be decided, is a final, appealable order. See *Escritt v. Michaelson*, 73 Neb. 640, 106 N.W. 1016 (1906).

Had the order in *Airport Auth. of Village of Greeley, supra*, merely denied a temporary injunction, without ruling on the other issues presented in the case, then that order would not have been final. However, since the order denied both temporary and permanent injunctions and granted the airport authority's petition for writ of assistance, it was a final order within the meaning of § 25-1902. To the extent that the language of *Airport Auth. of Village of Greeley, supra*, implies that the denial of a temporary injunction, standing alone, is a final order pursuant to § 25-1902, that implication was inadvertent, as that issue was not presented by the circumstances of that case.

█ Dissolution of a temporary restraining order is not a final order within the meaning of § 25-1902. *Abramson v. Bemis*, 201 Neb. 97, 266 N.W.2d 226 (1978). The district court's February 1, 2001, order did not finally dispose of this case. In the absence of a judgment or order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001).

We also note that the plaintiffs' appellate brief assigns error to the district court's refusal to grant a stay or supersedeas pending disposition of the plaintiffs' appeal. The district court reasoned that the plaintiffs were not entitled to a supersedeas where a temporary restraining order had been granted ex parte, but upon hearing a temporary injunction had been denied and the temporary restraining order dissolved. See *State ex rel. Beck v. Associates Discount Corp.*, 161 Neb. 410, 73 N.W.2d 673 (1955) (distinguishing between temporary restraining order and temporary injunction and stating that dissolution of temporary restraining order cannot be superseded).

The proceedings in the district court relating to supersedeas, while reflected in our record on appeal, occurred entirely after the filing of the plaintiffs' notice of appeal, calling into question whether that issue is properly before this court on appeal. See Neb. Rev. Stat. § 25-1912(2) (Cum. Supp. 2000). The effect of a supersedeas bond is to either maintain an order in force or prevent the execution of an order until a case is finally heard and

determined, but not to make the underlying order, if otherwise nonfinal, into a final and appealable order. See, *Horst v. Board of Supervisors of Dodge County*, 5 Neb. (Unoff.) 410, 98 N.W. 822 (1904); *Green v. Morse*, 57 Neb. 798, 78 N.W. 395 (1899). We have determined that the dissolution of the temporary restraining order is not a final order; we are also without jurisdiction to decide any issues regarding the denial of the supersedeas bond.

## CONCLUSION

The Court of Appeals correctly concluded that it was without appellate jurisdiction to consider the merits of the plaintiffs' purported appeal. The judgment of the Court of Appeals, dismissing the plaintiffs' purported appeal, is affirmed.

AFFIRMED.